NEEDHAM PIANO AND ORGAN COMPANY v. HOLLINGSWORTH, BULLING-
TON & COMPANY.

No. 555.—Decided May 18, 1897.

**1.  Damages—Stock of Goods—Retail Value.**
The value for which a stock of goods may be sold at retail, standing alone, does
not afford sufficient basis for determining their market value, which is what the
goods could have been promptly sold for, in bulk, or in convenient lots.  (P. 51.)

**2.  Supreme Court—Question of Fact.**
The finding of the Court of Civil Appeals sustaining a verdict of damages on con-
flicting testimony is conclusive upon the Supreme Court where there is evidence to
support the finding.  (P. 52.)

ERROR to the Court of Civil Appeals for the Fifth District, in an
appeal from Dallas County.

The suit was brought by the plaintiff in error upon a debt, with at-
tachment.  Plaintiff recovered the amount of its claim and defendant
was allowed damages in reconvention.  Plaintiff appealed, and upon
affirmance procured writ of error.

*Morris & Crow,* for plaintiff in error, assigned as ground for writ of
error the action of the Court of Civil Appeals in overruling the follow-
ing assignments of errors committed by the trial court:

The court erred in instructing the jury to find for intervenor, U. F.
Short, the amount of his rent claim with a prior landlord's lien on the
attached property and its proceeds in the custody of the court; since it
was shown there was other property on which said U. F. Short had a
preference and prior lien to collect said rents.  Wahrmund v. Distil-
ling Co., 32 S. W. Rep., 227.

The court erred in refusing to give plaintiff's special charge No. 1,
wherein the jury are told to find the amount of the debt of the House
and Davis Piano Company against defendants, so that the amount
thereof, together with the plaintiff's debt, taken together, could be de-
ducted from the actual damages, if any, recovered by defendants.
Mayer v. Duke, 72 Texas, 445; Torrey v. Schneider, 74 Texas, 116.

The court erred in refusing to give plaintiff's special charge No. 3,
wherein the jury are told that fraud, like any other fact, is never pre-
sumed, but may be proved by circumstantial evidence, since the court
did not submit this issue to the jury in its general charge.  Blum v.
Strong, 71 Texas, 324; Hargadine v. Davis, 26 S. W. Rep., 424.

There is error in the verdict and judgment in that it is excessive as
to actual damages, inasmuch as the evidence on behalf of defendants
was confined to retail prices, and plaintiff by uncontradicted proof
showed the market value of the goods attached did not exceed $2239.35.
Blum v. Merchant, 58 Texas, 400; Tucker v. Hamlin, 60 Texas, 171;

Miller v. Jannett, 63 Texas, 82; City of Austin v. Emanuel, 74 Texas, 621.

There is error in the verdict and judgment, in that the verdict is wholly unsupported in the finding that the attachment was wrongful.

The verdict is contrary to and wholly unsupported by the evidence, in finding against the issue of fraud. An attachment is not wrongful when the defendants therein have disposed of their property out of the ordinary course of dealing, not common among business men of that class, and at such a sacrifice as to prices as to amount to a waste and loss of said property, and when no account is given of the proceeds, and the parties are insolvent with a large amount of liabilities pressing upon them. Brown v. Hedge Co., 64 Texas, 396; Bank v. Bamberger, 77 Texas, 49.

The court erred in refusing to grant a new trial and consolidate this case with suit No. 14,281, pending in said court. If two persons are jointly or severally guilty of a wrong, both or each may be sued for damage, but there can be but one recovery and one satisfaction for the tortious act, and if separate suits are brought for the one act in the same jurisdiction it is proper and the duty of the court to consolidate them. Torrey v. Schneider, 74 Texas, 116.

The court erred in refusing to grant a new trial or reform the judgment as to costs, so as to tax them against the defendants, since plaintiff filed this suit against defendants on August 10, 1895, and the affidavit and bond for attachment were filed and the writ issued August 15, 1895; because plaintiff maintained its cause of action as sued on and recovered judgment therefor, and the matter of costs cannot be affected by the fact that the verdict for actual damages on account of subsequently suing out the attachment was in excess of the debt for which the suit was brought. Rev. Stats., art. 753 [648].

*U. F. Short*, intervenor, for himself.—A creditor holding a lien on two funds should not be delayed or inconvenienced in the collection of his debt. Wahrmund v. Distilling Co., 32 S. W. Rep., 227; Wilkes v. Adler, 68 Texas, 690; 3 Pomeroy's Eq. Juris., sec. 1314.

Goods consigned for sale to a tenant leasing property are not liable to seizure in an action by the landlord against the tenant for the collection of rents of the leased premises, but only the goods of the tenant are liable to seizure for such rents. Sayles' Rev. Stats. (1895), art. 3251; Coleman v. Fairbanks, 28 La. Ann., 93; Van Patten v. Leonard, 55 Ia., 520; McCreery v. Clafflin, 37 Md., 435, 11 Am. Rep., 542; Perry v. Waggoner, 68 Ia., 403.

*Porter & Cohron* and *Crawford & Crawford*, for defendants in error, Hollingsworth, Bullington & Co.—No one is bound by a judgment to which he is not a party. Masterson v. Little, 75 Texas, 682, 13 S. W. Rep., 154.

If appellees did not dispose of their property in whole or in part with

intent to defraud their creditors, appellant is liable for the damages sustained; and in order to defend against actual damages the very grounds stated in appellant's affidavit must be true. Blum v. Strong, 71 Texas, 325; Kauffman v. Armstrong, 11 S. W. Rep., 1048; Tynberg v. Cohen, 32 S. W. Rep., 157.

When the evidence is conflicting the verdict of the jury will not be disturbed on a finding of fact. Willis v. McNatt, 12 S. W. Rep., 482; Railway v. Yarbrough, 35 S. W. Rep., 422.

If appellees did not dispose of any part of their property with intent to defraud their creditors, then was the attachment wrongfully sued out? Petty v. Lang, 16 S. W. Rep., 1000; Tynberg v. Cohen, 32 S. W. Rep., 157.

If the attachment were wrongful, as found by the jury, and the appellant was a trespasser, appellee's cause of action arose when the illegal attachment writ was levied, and was in no way affected by subsequent attachments. Blum v. Stein, 68 Texas, 613, 5 S. W. Rep., 454; Sanger Bros. v. Croldark, 2 S. W. Rep., 196; Martin-Brown Co. v. Henderson, 28 S. W. Rep., 695.

It has been the uniform practice since the days of the Republic to give costs to the successful party. Sayles' Civ. Stats., art. 1421; Jennings v. Mass., 4 Texas, 454; Parks v. Young, 12 S. W. Rep., 987; Melvin v. Chancy, 28 S. W. Rep., 243; Smith and Wife v. City of Dallas, 2 Texas U. C., 627.

GAINES, CHIEF JUSTICE.—This was an action of debt brought by the plaintiff in error against the defendant in error, in which an attachment was issued and levied upon a stock of pianos, organs, etc., the property of the defendants. The defendants pleaded in reconvention that the attachment was wrongfully sued out, and claimed damages for the seizure of their goods. Upon the trial the plaintiff recovered a judgment for its debt, but the defendants recovered damages under their plea in reconvention. Upon appeal by the plaintiff the judgment was affirmed in the Court of Civil Appeals.

We granted the writ of error solely upon the ground that under the undisputed evidence in the case the verdict for the defendants was excessive. The damages assessed by the jury were for $3483.57, and depended upon the testimony as to the value of the goods. The petition for the writ of error purported to point us to all the testimony in the record bearing upon the question; and from the pages of the transcript referred to it appeared that each of the defendants testified that the goods were worth at retail $6808, and that four other witnesses placed their value at about $2239.35. The value at which a stock of goods may be sold at retail, standing alone, in our opinion, does not afford any sufficient basis for determining their market value. The market value is what the goods could have been promptly sold for in bulk or in convenient lots. Between the prices at which goods may be obtained in a market and at which they may be sold at retail in the same place,

intervene time, expense and profit—which, in the absence of proof, are unknown quantities, and hence, if there had been no other testimony save that pointed out in the petition for the writ, we would be still of the opinion that there was no evidence to justify the verdict for the defendants to the amount recovered by them. But counsel for the defendants in error in argument have referred us to other parts of the transcript which, in our opinion, disclose legitimate evidence tending to show that the market value of the goods exceeded the amount recovered. If our attention had been drawn to this evidence, the writ of error would not have been granted, and we think it would serve no useful purpose to discuss the matter further.

The Court of Civil Appeals found the evidence upon the point conflicting and concluded that it was sufficient to sustain the verdict. Since there was evidence to support the finding it is conclusive upon us.

There being no error in the judgment of the trial court nor in that of the Court of Civil Appeals, they are affirmed.

*Affirmed.*