MISSOURI, K. & T. RY. CO. OF TEXAS
v. CADENHEAD.

(Court of Civil Appeals of Texas. Texarkana.
March 6, 1914. Rehearing Denied
March 12, 1914.)

1. APPEAL AND ERROR (§ 1052*)—HARMLESS
ERROR—EVIDENCE.

Admitting a written statement prepared by plaintiff, after he had testified fully as to all the items, facts, and figures contained in it, was harmless, especially where the verdict was for only two-thirds of what the statement showed plaintiff's loss to be.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

2. DAMAGES (§ 105*) — FIRES — DAMAGES —
STOCK OF GOODS.

One's loss from the burning of his stock of goods, for which a railroad company negligently burning it is liable, is what the goods would have sold for in bulk or in convenient lots.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 266–271; Dec. Dig. § 105.*]

Appeal from District Court, Camp County.

Action by I. F. Cadenhead against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Dinsmore, McMahan & Dinsmore, of Greenville, and Alex S. Coke, of Dallas, for appellant. W. R. Heath and Bass & Engledow, all of Pittsburg, for appellee.

HODGES, J. In June, 1912, the appellee was the owner of a stock of merchandise in a frame building situated in the town of Newsome, Tex. On the 12th of that month the building and contents were destroyed by fire. The appellee brought this suit for the value of the goods, alleging that the fire originated from sparks emitted from one of the appellant's engines, and charging negligence in the equipment and operation of same. The appellant owns a line of railway that runs east and west through the town of Newsome. About 1 o'clock on the morning of June 12, 1912, one of its passenger trains arrived at the depot in Newsome, and remained there the usual time required for passengers to get on and off the cars. A few minutes after the departure of the train, fire was discovered in the roof of a building near the depot. From this building the fire spread to that building in which the appellee's goods were stored. The evidence is sufficient to sustain the finding that the engine on that occasion was improperly handled, and that this caused the fire. The testimony of the appellee showed that his stock of goods at the time of their destruction amounted to $3,367.55. The jury returned a verdict in his favor for $2,048.

[1] The appellee was permitted to introduce in evidence a typewritten document containing a tabular statement of merchandise on hand in January, 1912, merchandise received after an inventory taken during that month, goods purchased prior to the fire and placed in the stock, freight bills paid and collections made, sales made from stock, estimated profits and expenses, and a list of fixtures, and a summary of goods purchased after January 1st, together with collections and sales between January 1st and June 12th. This was objected to upon the ground: (1) That there was better evidence; (2) that the data from which the statement was compiled were uncertain; (3) because the statement was based in part upon pure speculation; (4) because the plaintiff had already testified from his own knowledge as to all the various items contained in the statement. The record shows, as seems to be conceded by the bill reserved, that prior to the introduction of this statement the appellee had testified fully as to all of the items, facts, and figures contained in this writing. The appellant does not contend that its use put before the jury any new evidence, nor does it undertake to point out where any better evidence might be found. The error, if any, we think was harmless. Evidently the jury was not governed solely by this statement in rendering their verdict, in view of the fact that they awarded plaintiff practically about two-thirds of what this statement showed his loss to be.

[2] A motion was also made during the trial to withdraw from the jury the testimony of the appellee regarding the market value of the goods destroyed, upon the ground that it was shown on cross-examination that the witness was not qualified to testify as to the cash market value of the stock of goods at that time and place; that his answers were based upon estimates made by him from duplicate invoices and books not offered in evidence, and that his answers regarding the value of the goods were based upon a mere estimate; and further that his answers showed there was no cash market value for an entire stock of goods such as that owned by the appellee at that time and place. After this motion had been made and overruled by the court, the appellee testified without objection as follows: "From my experience as a general merchant, and from my acquaintance with this particular stock that was destroyed, aside from any record that I have, I can state what was the reasonable cash market value of my stock of merchandise destroyed by that fire in a lump sum, which amount was $3,367.55." Taking the testimony of the appellee as a whole, we do not think it can be said that he had not qualified himself to testify as to the value of the goods he had on hand at the time of the fire. His loss was to be estimated by what the goods would sell for in bulk or in convenient lots. Needham Piano & Organ Co. v. Hollingsworth, 91 Tex. 49, 40 S. W. 787.

There is no merit in the remaining assignments of error, and they are overruled.

The judgment of the district court is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes