## ARA v. RUTLAND. (No. 5368.) †

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1915. Rehearing Denied Feb. 3, 1915.)

1. PLEADING (§ 228*)—PETITION—SUFFICIENCY.

As against a general exception, a petition must be tested by its allegations, and not by the evidence introduced thereunder.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. DAMAGES (§ 141*)—PLEADING.

A petition, which states facts essential to a cause of action, is good without setting out a proper legal measure of damages recoverable under the facts alleged.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 406–408, 412, 414, 415; Dec. Dig. § 141.*]

3. PLEADING (§ 228*) — PETITION — GENERAL EXCEPTION—"PRICE."

An exception to a petition, which alleges that defendant excepts to the allegations in enumerated paragraphs of the petition, and that the same are insufficient in law because they fail to disclose the correct measure of plaintiff's damages in case the facts alleged are true, is only a general exception within District and County Courts Rule 18 (142 S. W. xviii), and is properly overruled, where the petition demanding recovery for damages to a stock of shoes alleged that certain of the shoes were destroyed, and others damaged in their market value, and which described in detail the price per pair of the shoes rendered worthless and the extent of the damage of the shoes partially damaged; the word "price" meaning market value at the time of the loss.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*

For other definitions, see Words and Phrases, First and Second Series, Price.]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—MANNER OF BRIEFING.

An assignment of error relating to formal matters, rulings on which are not shown to have injured the party complaining, and which are such that it can be said that no injury was occasioned thereby, will not be considered when not briefed in accordance with the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. LANDLORD AND TENANT (§ 164*)—NEGLIGENCE OF LANDLORD—LIABILITY.

A landlord repairing the roof of a building pursuant to complaints and requests of the tenant is liable for damages to the tenant's goods caused by negligence in leaving the roof in a defective condition without notifying the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

6. LANDLORD AND TENANT (§ 169*)—REPAIRS —NEGLIGENCE OF LANDLORD—EVIDENCE.

Evidence held to justify a finding that a landlord repairing the roof of a building negli-gently left the roof in a defective condition and was liable for damages to the tenant's property caused by rain.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

7. DAMAGES (§ 188*)—INJURIES TO PROPERTY —EVIDENCE—SUFFICIENCY.

In an action for damages to a stock of shoes by water, the testimony of a witness fixing the value of a certain number of pairs of shoes which had been received, but were not on the shelves, and fixing the value of a certain number of pairs on the shelves, though without naming the place where the shoes were, but received without objection, fixed the value at that place.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

8. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—DAMAGES.

A defendant in an action for damages to personalty may not complain of the court allowing less damages than the lowest estimate of the amount of damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

9. EVIDENCE (§ 533*)—EXPERT TESTIMONY— DAMAGES.

Where, in an action for damages to a stock of shoes by water, the market value before the injury of two lots of shoes was stated separately because plaintiff claimed that one lot was rendered worthless while the other lot was only partially injured, plaintiff to recover substantial damages was only required to show the value after the injury, which could be done by expert testimony as to the amount of depreciation caused by water.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2341; Dec. Dig. § 533.*]

10. APPEAL AND ERROR (§ 1010*)—FINDINGS— CONCLUSIVENESS.

A finding has the effect of a verdict and cannot be set aside when sustained by evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010.*]

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by J. W. Rutland against Charles Ara. From a judgment for plaintiff, defendant appeals. Affirmed.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant. Ben W. Fly, of Victoria, for appellee.

MOURSUND, J. Appellee sued appellant for $4,970.06 damages alleged to have been suffered by appellee by reason of injuries caused to a stock of shoes by rain, alleging substantially that he was engaged in the business of selling shoes at retail in part of a building leased by appellee and owned by appellant, situated in Victoria, Tex.; that about September 24, 1913, appellant, without notice to appellee, undertook to repair the roof of the building and negligently left the same open over night without notice to appellee; and that during the night a rain came on and his stock of goods was damaged by water descending through the roof. Appellant answered that the damage caused appellee was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

172 S.W.—63 † Writ of error pending in Supreme Court.

due to the extraordinary and unusual rainfall and one which could not reasonably have been anticipated by him; that an ordinary rainfall would not have injured appellee; that the work on the roof was begun and carried on with all the care and prudence which could have been exercised by him and by skilled workmen. Further statements explanatory of the pleadings will be made in discussing the assignments of error relating thereto. The court rendered judgment in favor of appellee for $1,905.33. At appellant's request, findings of fact and conclusions of law were filed.

By the first assignment of error, complaint is made because the court overruled appellant's first special exception, which is as follows:

"Defendant excepts to the allegations in said second amended original petition contained in paragraphs Nos. 24, 25, 26, and 27 thereof, and says that the same are insufficient in law for the reason that they fail to disclose the true and correct measure of plaintiff's damage herein in the event the facts alleged in his said petition are true."

[1-3] The first proposition is only an abstract proposition of law; the second is based upon the testimony and is without merit, as the petition must be tested by its allegations, and not by what evidence was introduced thereunder; the third is a contention that there is no allegation save that of the price per pair; the fourth, that the value per pair should not have been alleged, but what the shoes could have been promptly sold for in bulk or in convenient lots.

The exception is nothing more than a general exception. See rule 18 for district and county courts (142 S. W. xviii). It fails to point out in what respect the measure of damages as alleged is not the true and correct one. The objections to the petition presented under this assignment serve to show the inadequacy of the exception, as not one of them is hinted at therein. This court held, in the case of Railway v. Jenkins, 89 S. W. 1107, that it was not essential to the statement of a good cause of action that the petition should set out a proper legal measure of damages; that a statement of the facts essential to a cause of action was all that good pleading requires, and, when there is evidence sufficient to take the case to the jury, it is for the court to inform the jury of the measure of damages. An exception very similar to the one urged in this case was overruled, and it was held that the court did not err in so ruling. In this case it is alleged that certain of the shoes were destroyed in their market value and others were damaged in their market value. The shoes alleged to have been rendered wholly worthless were described in detail, the price per pair being given, and the aggregate price thereof. The shoes alleged to have been damaged were described in a like manner, and it was stated that they were damaged to the extent of 50 per cent. of the value shown,

placing the net loss thereon at $3,252.06. It is clear that by the word "price" the pleader meant value; and market value, at that. It is clear that in this case the allegations made were subject, at the most, only to a special exception pointing out the defects in form, and no such exception was made. The assignment is overruled.

[4] The second and third assignments of error are submitted together. They complain of the overruling of special exceptions to paragraphs of the petition based upon the ground that such paragraphs contained more than one fact going to make up plaintiff's cause of action. The statement under these assignments contains only a conclusion (which is denied in appellee's brief), and references to the record. The pleadings objected to are not set out in the statement. While this court frequently considers assignments not briefed in accordance with the rules, we see no reason for doing so in the case of assignments relating simply to formal matters, the rulings upon which are not shown to have injured appellant, and which are of such a nature that it can safely be said that no injury was occasioned. We decline to consider the assignments. City of San Antonio v. Routledge, 46 Tex. Civ. App. 196, 102 S. W. 767; Autrey v. Linn, 138 S. W. 197; Carrico v. Stevenson, 135 S. W. 260.

[5] The fourth assignment is based upon the sustaining of appellee's special exception reading as follows:

"Plaintiff excepts to the allegations contained in the first subdivision of paragraph 20 of defendant's first amended original answer, for the reason that the facts therein stated, to the effect that the repairs attempted to be made by defendant to the roof of the building occupied by plaintiff were made because of frequent complaints to defendant by plaintiff herein, and requests of the plaintiff to repair the same, are immaterial and irrelevant and constitutes no defense to plaintiff's cause of action."

The plea excepted to did not contain any statement to the effect that appellant proceeded with the work pursuant to any understanding with appellee or after any notice given him, but merely that the repairs were made because of frequent complaints by appellee and requests by him to repair the roof. Such requests and complaints would not justify appellant's negligence in leaving the roof in a defective condition without notifying appellee, and the court did not err in sustaining the exception.

[6] By the fifth assignment the contention is made that the evidence fails to show negligence, and therefore the judgment is contrary to the law and the evidence.

The court, at appellant's request, filed conclusions of fact and law, and, upon a further request for specific findings on certain points, filed additional conclusions. The conclusions of fact aggregate 30 paragraphs, and, in order not to unduly extend this opinion, only the substance of those which may be said to be attacked by the assignments of error will be stated in this opinion. On the

issue of negligence, the court found that defendant's workmen, on September 24, 1913, tore off a portion of the roof of a building occupied by plaintiff as tenant of defendant, and, not completing the new roof in one day, left open that portion over plaintiff's shoe department, which portion had theretofore been protected by an adequate roof; that neither defendant nor his workmen, nor any one else, notified plaintiff that the roof had been left open, and plaintiff did not know of such fact; that, about the time defendant's workmen were leaving their work, rain clouds were hovering near, and there were indications that would put an ordinarily prudent person on notice that a rainstorm might be expected; that during the ensuing night, when no one was in plaintiff's store, a heavy rain fell, and the water poured through the roof where it had been left open, damaging plaintiff's shoes; that defendant was negligent in leaving the roof open in view of the weather indications, also in leaving the roof open without notifying plaintiff, also in not notifying plaintiff of such fact after the rain started to fall. The court also found that, had notice been given plaintiff, he would have moved his shoes into the Gillespie building, also used by him, and adjoining the Ara building, with a doorway in the wall between them; that the rainfall for 48 hours was 7.4 inches, which was unusually heavy, but that the damage to the goods would have followed even though the rainfall had been ordinary in its nature, and that, the portion of the roof over the shoe department being lower than the balance, all the water falling on the roof would and did go through the openings left in the roof; that on September 17, 1913, a rain of 4.75 inches had fallen on said roof within less than 12 hours, but said roof over the shoe department did not leak; that, in view of such previous rainfall, the rain which fell upon the open roof could have been reasonably anticipated by a man of ordinary prudence.

The assignment of error is of a very general nature, probably too general to require consideration, and is submitted as a proposition without any proposition thereunder which might serve to make clear wherein the evidence fails to show negligence; but, as we understand appellant's contentions, they are as follows: (1) That the roof was not left "open," and precautions had been taken to guard against the consequences of an ordinary rain. (2) That the rain which fell was unprecedented and could not have been anticipated. Bauer testified that the seam had been left open along the center of the roof, which was the lowest portion thereof, and the water went through at that place; that there was a sink in the roof in which the water would stand four or five inches deep before it would run out of a certain spout intended to carry off the water, and the seam was left open right in the sink.

He testified, also, that the water did not have to stand over the top of the seam in order to get through the roof; that it went in the crack between the new and the old tin. It is evident that all water falling on the roof would go through the opening except that which would run off after the water accumulated so fast that it rose high enough to run out of the spout. The evidence justifies a finding that an ordinary rainfall would have caused great damage. There is no evidence as to what proportion of the 7.4 inches fell within the first 12 hours, and the damage appears to have been practically all accomplished within that time, as all kinds of precautions and expedients were resorted to to keep down damages as soon as appellee and his employés arrived early the next morning. We overrule the assignment of error and adopt the trial court's conclusions of fact above summarized as our conclusions upon the issue of negligence.

The sixth and seventh assignments both attack the sufficiency of the evidence to support the judgment and will be considered together. The sixth, briefly stated, is a contention that there was no testimony showing the market value of the damaged shoes at Victoria, Tex., immediately before and immediately after the damage occurred. The seventh is a contention that the evidence as to the damages suffered is too uncertain. The court's conclusions of fact relating to the amount of damages suffered by plaintiff read as follows:

"The court finds as a fact that the shoes alleged in plaintiff's petition to be wholly damaged were in fact damaged to the extent of 33⅓ per cent. of their market value; and that the shoes, alleged in plaintiff's petition to have been damaged to the extent of 50 per cent. of their value, were in fact damaged to the extent of 25 per cent. of their market value; and that the total amount of plaintiff's damage was $1,965.33.

"The court finds that, in so far as the shoes alleged to have been rendered wholly worthless are concerned, their market value at Victoria at the time of the injuries complained of, but without such injuries, was $1,018, which is based upon cost and carriage; and, in so far as the shoes alleged to have been damaged 50 per cent. of their value are concerned, that their market value at Victoria at the time of the injuries complained of, but without such injuries, was $6,504, which is based upon cost and carriage."

[7] The witness Karcher testified to the market value of the shoes just prior to the injury thereto, fixing the value of 218 pairs which had just been received and were not in the shelves at $1,018, and the value of 2,432 pairs in the shelves at $6,504.13. He did not say at Victoria, Tex.; but, the shoes being at Victoria, the natural inference is that he meant the value at that place. No objection was made to the testimony on the ground that the witness did not specifically state that he meant the value at Victoria, Tex., and we hold that the failure to make such statement does not authorize a reversal of this case.

[8, 9] The testimony as to value immediately after the injury occurred is as follows: Both Karcher and Rutland testified that the 2,432 pairs were damaged to the extent of 50 per .cent. of their market value. This testimony was sufficient to establish the damage to said shoes, and appellant cannot complain because the court arbitrarily reduced this item of damage to 25 per cent., instead of allowing 50 per cent. Karcher and Rutland testified the 208 pairs were worthless, but Karcher also testified they sold some of these shoes, and such testimony is uncontradicted, and, there being no testimony as to amount received for those sold, it seems that the testimony of these two persons is not sufficiently certain to furnish a basis upon which it could be found that said 208 pairs of shoes were damaged 33⅓ per cent. of their market value. However, we find that the witness Weber, who was fully qualified to testify as an expert on shoe values, testified that Rutland showed him a lot of shoes which were wet; that they had water marks on the heels and shanks and inside the facings; that he found between 250 and 300 pairs which were damaged, and about 50 or 60 pairs claimed by Rutland to be damaged which the witness considered as not damaged; that the 250 to 300 pairs which were damaged were not worth 50 cents on the dollar, in other words, not worth 50 per cent. of the value they would have had if no injury had been inflicted thereon. These shoes were brought outside the building, and 116 pairs thereof were also inspected by the witness Kubecke, another experienced shoe man, who testified that those he inspected had been wet and all except a few pairs were worthless. He found Weber there when he arrived, and it got dark before he was through inspecting the shoes which he was called upon to inspect and which he estimated at from 200 to 300 pairs. Rutland testified that the list of shoes which they claimed were worthless were in boxes right under the leak, and that the shoes became wet, while those in the shelves were not so exposed, and hence only damaged by water splashing on them and from the effect of the dampness. The testimony is sufficient to show that the 208 pairs of wet shoes were in the lot of 250 to 300 which Weber testified were not worth 50 cents on the dollar, and, as they were damaged more than the others, it is clear that under his testimony it could be found that their value did not exceed 50 per cent. of the value they would have had but for the injury. The court allowed only 33⅓ per cent., and appellant cannot complain because the court arbitrarily allowed less than the lowest estimate. It appears from Weber's testimony that appellant had a man examining the shoes for him at the same time Weber made his examination, but this man did not testify. Appellant introduced no testimony as to the value, and made no objection to the proof by appellee of the market value of the shoes and the depreciation in value. While lists were introduced in evidence which stated the value of the various kinds of shoes, probably made from invoices, yet the testimony related to the two lots of shoes described in two lists, and the market value of the two lots was stated separately, because it was contended that one was rendered entirely worthless while the other was damaged 50 per cent. No witness testified that he was undertaking to give the value at which the goods could be sold at retail had they not been injured; on the contrary, they stated the value in bulk of each of the two lots of shoes. Railway v. Cadenhead, 164 S. W. 395. Incidentally it appears from the lists what items of value made up the bulk, but surely the lists could not be construed as showing that those items would only obtain after "time, expense, and profit" had intervened. The value of the two lots had no injury occurred being established, it only remained to show the value after the injury which was done by expert testimony as to the amount of depreciation caused by the injury. See Railway v. Armstrong, 166 S. W. 368; Railway v. Peacock, 128 S. W. 463; Fire Ex. Co. v. Beal-Doyle Co., 110 Ark. 49, 160 S. W. 889.

[10] The conclusions of fact of the trial court have the same standing as the verdict of a jury, and cannot be set aside when a greater amount of damages would be warranted under the lowest estimate testified to.

The assignments are overruled, and the judgment affirmed.