GRAHAM–BROWN SHOE CO. v. SNOD-
GRASS.   (No. 6638.)

(Court of Civil Appeals of Texas. Austin. Oct. 31, 1923. Rehearing Denied Nov. 28, 1923. Writ of Error Dismissed for Want of Jurisdiction Jan. 9, 1924.)

1. Pleading ☞12—Description of goods peculiarly in defendant's knowledge need not be pleaded as fully as in other cases.

Where pleadings and proof showed that the detailed description of goods sold to bankrupt and retaken by seller shortly before adjudication in bankruptcy was peculiarly within seller's knowledge, it was not necessary for bankruptcy trustee to plead as fully as if the allegations related to matters within his own knowledge.

2. Evidence ☞489—Testimony as to market value held sufficiently shown to refer to bulk value.

In a suit by bankruptcy trustee to recover value of shoes retaken by seller, testimony as to market value held not objectionable as not shown to refer to bulk value, where a single value for the lot based on the estimated number of pairs was given.

3. Evidence ☞543(4) — Bankrupt held qualified to testify as to market value of shoes.

In a suit by bankruptcy trustee to recover value of shoes retaken by seller, bankrupt, who had been engaged in business for 30 years, held qualified to testify as to the market value of shoes.

4. Appeal and error ☞1067 — Refusal of charge defining market value, though erroneous, harmless.

A refusal to charge that market value was what goods could have been promptly sold for in bulk held erroneous, but harmless, in view of the fact that the term is generally understood, that a lump sum was found, and of all the testimony.

**5. Bankruptcy ⊝➾168—Recovery against creditor who received preference not limited to debt.**

In bankruptcy trustee's suit against creditor to recover an unlawful preference, recovery is not limited to the amount of the debt due defendant, in view of Bankruptcy Act, § 67b (U. S. Comp. St. § 9651), authorizing the recovery of the property on its value.

**6. Appeal and error ⊝➾1067—Trial ⊝➾260(5)—Refusal to charge voluntary bankruptcy no evidence of insolvency at time of preference held proper.**

In a suit against creditor to recover unlawful preference, refusal of a charge that jury should not consider the voluntary bankruptcy as evidence of insolvency at the time the preference was received *held* not error, in view of the fact that the court had defined insolvency and specified the particular time when it should be found, and, if error, harmless where there was ample competent evidence to support the finding.

**7. Depositions ⊝➾83(2)—Quashing for failure to answer cross-interrogatories properly discretionary.**

It is within the court's discretion to grant or refuse a motion to quash a deposition on the ground that witness failed to properly answer cross-interrogatories.

**8. Appeal and error ⊝➾742(6)—Assigning, as error that findings not supported by evidence held too general.**

Propositions assigning as error that findings on special issues were not supported by evidence *held* too general.

**9. Witnesses ⊝➾392(1)—Schedules of bankrupt admissible to impeach him.**

Schedules of a bankrupt are admissible to impeach him on a question as to his insolvency before he was adjudged a bankrupt.

**10. Appeal and error ⊝➾1056(3)—Exclusion of bankrupt's schedules offered by creditor held harmless error.**

Where creditor who received a preference offered bankrupt's schedules in evidence to disprove bankrupt's insolvency, their exclusion *held* harmless error, in view of the fact that they clearly showed bankrupt's insolvency.

**11. Depositions ⊝➾107(1) — Motion to suppress must be made before trial.**

Objection to the admission of testimony in a deposition made for the first time at the trial was too late, the remedy being by motion to suppress before announcement of ready for trial.

**12. Evidence ⊝➾241(1)—Statement by creditor's agent that he had no right to take goods of bankrupt held admissible as admission.**

In bankruptcy trustee's suit against a creditor to recover a preference, testimony that creditor's agent stated that he had no right to take the goods *held* admissible as an admission against interest, showing creditor's knowledge of debtor's insolvency.

**13. Bankruptcy ⊝➾303(2) — Testimony that creditor who received preference was told of bankrupt's insolvency held admissible.**

In bankruptcy trustee's suit against a creditor to recover a preference, testimony that bankrupt and another creditor told defendant's agent that bankrupt was insolvent when they took the goods from bankrupt *held* admissible as showing defendant's knowledge of bankrupt's insolvency at the time.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Suit by D. L. Snodgrass, trustee of the estate of H. Shapiro, bankrupt, against the Graham-Brown Shoe Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker & Weatherred, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BAUGH, J. This suit was brought by D. L. Snodgrass, trustee of the estate of H. Shapiro, bankrupt, against appellant, to recover the value of a quantity of shoes originally sold to said Shapiro by the appellant, and later by said Shapiro transferred and delivered to appellant on or about December 7, 1920. Shapiro was adjudged a bankrupt on December 20, 1920. This suit was to recover the value of said shoes on the ground that the assignment was made while Shapiro was insolvent, for the purpose of defrauding other creditors, and within four months of his adjudication. Appellee, plaintiff below, made the necessary allegations as to bankruptcy, appointment of trustee, and set up the grounds provided in sections 60a and 60b of the federal Bankruptcy Act (U. S. Comp. St. § 9644) on which a recovery can be had.

The appellant, defendant below, answered by general and special exceptions and general denial. The case was submitted to the jury on special issues, all of which were raised by proper pleadings, and their findings were as follows:

"A person is insolvent when the total value of all his property, at a fair valuation, is not sufficient to pay his debts. Now, bearing in mind the foregoing definition, you will answer the following questions:

"Question No. 1: Was H. Shapiro insolvent at the time the goods in question were removed from his store. Answer this question yes or no." Answer: "Yes."

"Question No. 2: Did the removal of the goods in question cause the defendant Graham-Brown Shoe Company to obtain payment of a greater portion of its debt than other creditors of the same class? Answer this question yes or no." Answer: "Yes."

"Question No. 3: Did the Graham-Brown Shoe Company, at the time H. Shapiro delivered the letter in evidence to it, have reasonable cause to believe that a transfer of said goods to it by said H. Shapiro would cause

⊝➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it, the said Graham-Brown Shoe Company, to receive payment of a greater portion of its debts than other creditors of the same class. Answer this question yes or no." Answer: "Yes."

"Question No. 4: Did the Graham-Brown Shoe Company, at the time said goods were moved from said stock, have reasonable cause to believe that a transfer of said goods to it by said H. Shapiro would cause it, the Graham-Brown Shoe Company, to receive payment of a greater portion of its debt than other creditors of the same class? Answer this question yes or no." Answer: "Yes."

"Question No. 5: Did the Graham-Brown Shoe Company, at the time said goods were removed from said stock, have reasonable cause to believe that said H. Shapiro was insolvent. Answer this question yes or no." Answer: "Yes."

"Question No. 6: Did the Graham-Brown Shoe Company, at the time H. Shapiro delivered the letter in evidence to it, have reasonable cause to believe that said H. Shapiro was insolvent? Answer this question yes or no." Answer: "Yes."

"Question No. 7: What was the reasonable market value at Santa Anna, at the time same were removed from the store, of the shoes in question in this suit?" Answer: "$1,000.00."

"You are instructed that the word 'transfer' includes the sale and every other and different mode of disposing of or parting with property for the possession of the property absolutely or conditionally as a payment pledged, mortgage, gift or security. Now, bearing in mind the following instruction, you will answer the following:

"Question No. 8: Did H. Shapiro within four months prior to December 20, 1920, with the intent and purpose on his part to hinder, delay, or defraud his creditors or any of them, make a transfer to the defendant of the property in question moved from his place of business on or about December 7, 1920? Answer yes or no." Answer: "Yes."

"The defendant requests the court to give the following special issue No. 2 to the jury:

"Gentlemen of the jury, were the shoes in question ever received by the defendant, Graham-Brown Shoe Company?" Answer: "Yes."

Based upon these findings, the trial court rendered judgment in favor of the trustee and against the appellant for $1,085, interest and costs, from which this appeal is prosecuted. The findings of the jury are supported by the evidence.

## Opinion.

[1] Appellant under 30 propositions based upon proper assignments and bills of exception asserts error of the trial court. By its first and second propositions appellant complains of the trial court's failure to sustain its special exceptions to the insufficiency of appellee's pleadings. We think his pleadings were sufficient. Had plaintiff sought to recover the goods themselves, he should have more particularly described them; but he alleged sufficient facts to put the defendant upon full notice of the quantity and character of the goods taken by the defendant and whose value he sought to recover by suit. The pleadings show, and the proof discloses, that the detailed description of the goods taken was peculiarly within the knowledge of the defendant itself. In such cases it is not necessary to plead as fully as if the allegations made related to matters entirely within plaintiff's own knowledge.     M., K. & T. Ry. Co. v. Hawley, 58 Tex. Civ. App. 143, 123 S. W. 726; Texas Co. v. Giddings (Tex. Civ. App.) 148 S. W. 1142.

[2] In its third, fourth, eighth, and thirtieth propositions appellant contends that the testimony as to market value of the shoes in question should have been excluded because plaintiff did not show that same referred to the market value in bulk or in reasonable quantities. Only two witnesses testified as to market value at all. Shapiro said the entire lot of shoes taken were of the reasonable market value of $1,600 at Santa Anna, at the time they were taken. His daughter, the other witness, testified that they were worth $3,500. Shapiro testified as follows:

"I do not remember the exact number of pairs of shoes on hand December 7, 1920, purchased from the Graham-Brown Shoe Company; but there were 16 boxes of said shoes, containing an average of 15 pairs to the box, making 240 pairs of shoes on hand in my store at Santa Anna. * * * The reasonable market value of these shoes, at the time they were removed from my stock at Santa Anna, Coleman county, Tex., December 7, 1920, was $1,600. I was acquainted with the reasonable market value of said shoes and each of them at that time."

His daughter, Lena Burchardt, testified as follows:

"The reasonable market value of said shoes at the time they were removed from the store of H. Shapiro at Santa Anna, Tex., was $3,-500."

And again as to quantity she testified:

"There were 350 pairs of shoes and probably more. Nearly all were dress shoes; a very few were work shoes."

We think this testimony shows upon its face that it pertained to the shoes in bulk and had reference primarily to the entire stock of shoes taken without reference to any detailed quality, number, or price. That being true, we are of the opinion that appellant's contention is without merit.

[3] Appellant's fifth proposition urges that the witness Shapiro did not qualify on the question of market value in bulk. He testified that he had been engaged in buying and selling dry goods at Houston and Santa Anna for about 30 years. We think this, taken with the other testimony, was sufficient.

[4] Under its sixth and seventh propositions, appellant insists that the trial court erred in refusing the following requested special charge on market value of the shoes:

"By the term 'market value,' contained in the instructions submitted to you, is meant the sum of money for which said shoes could have been promptly sold in bulk, or in convenient lots, at Santa Anna, Tex."

This instruction should have been given. The Supreme Court of this state has held, on the measure of damage in such cases, that the market value "is what the goods could have been promptly sold for, in bulk, or in convenient lots." Blum v. Merchant, 58 Tex. 400; Tucker v. Hamlin, 60 Tex. 171; Needham Piano Co. v. Hollingsworth, 91 Tex. 49, 40 S. W. 787.

We are of the opinion that the words "market value," generally applied, have a plain, definite, and well-understood meaning, and that an effort to define same would ordinarily not enlighten a jury. It is in the method of arriving at the market value of property in controversy that a jury may need further instruction from the court. The instruction from the court in this case was that the jury was to find the "reasonable" market value of the shoes in question at the time and place they were taken. The undisputed testimony was that Shapiro's entire stock of shoes was taken in bulk by the appellant at one time; the suit was to recover the aggregate value of such stock; and the testimony related to the entire stock in bulk without pretense at specifying the exact number, kind, quality, and price of the individual pairs of shoes. Nor do we find any evidence in the record as to the retail market value of these shoes at Santa Anna, upon which the jury could have found their value other than in bulk. Under all these circumstances, therefore, we are not prepared to hold that the jury, under the charge of the court, and in the light of the value found, did not as reasonable men, in arriving at the "reasonable" market value of the shoes, take into consideration the very elements contained in the special instruction asked for by appellant. From the lump sum found by them and in the light of the testimony, we are, on the other hand, rather of the opinion that they did. And though the court erred in refusing the instruction requested, we think that appellant was not injured thereby, and that the error is not of such gravity, under all the circumstances, as to require us to reverse the case.

[5] Appellant insists that this being a suit to recover a preference, the judgment should not have exceeded the amount of the debt, which was $787.40. We think there is no merit in this. Section 67b of the Bankruptcy Act (U. S. Comp. St. § 9651) authorizes a trustee, in such cases, to recover by suit either the property transferred by a bankrupt, or its value. To permit a bankrupt to transfer or assign to a creditor property worth far more than his debt to such creditor, and then limit his trustee to a recovery of only the

amount of his debt, would enable him to defeat the very purpose of the act itself.

[6] We think it was not error for the trial court to refuse to instruct the jury that they should not consider Shapiro's voluntary bankruptcy as any evidence of his insolvency at the time the shoes were removed. The court defined insolvency and specified the particular time for the jury to find on that issue, and we think that sufficient. Even if the jury did actually consider that, we think it would be harmless, as there appears ample competent evidence to sustain their finding on this point.

[7] There was no error in admitting the testimony of the witness H. Shapiro and Lena Burchardt as set out in appellant's bills of exceptions 4 and 14. Their answers to the cross-interrogatories appear as definite as they could make them and are sufficient, we think, on which to base a recovery. Nor was it error for the trial court to refuse to quash the depositions on the same grounds. This was a matter within the discretion of the trial court, and we do not find that he abused his discretion. Railway Co. v. Love (Tex. Civ. App.) 169 S. W. 922; Railway Co. v. Hartford Fire Ins. Co. (Tex. Civ. App.) 220 S. W. 781.

[8] Appellant's propositions 16 to 22, inclusive, complain that the various findings of the jury on the special issues submitted to them are not supported by the evidence. These assignments are too general, but we find that all the jury's findings are supported by the evidence in the case.

[9, 10] There was no material error in excluding the schedules of the bankrupt on the trial as to whether or not he was insolvent on December 7th, 13 days before he was adjudged a bankrupt. They were admissible on a question of impeachment of the bankrupt, and if offered on that ground should have been admitted. An examination of these schedules, after deducting his exemptions, clearly discloses his insolvency, and since that was the matter sought to be disproved by the appellant, we think their exclusion was harmless error.

We deem the appellant's propositions 24 and 25 of no consequence, because they relate to matters admitted by appellant's own witnesses to be wholly true.

[11, 12] Under its twenty-sixth proposition, appellant insists that the court erred in admitting the testimony by deposition of Lena Burchardt to the effect that Graham Payne, who was sent by appellant out to Santa Anna to take up the shoes, said at the time that he did not have the right to take the goods. Objection to this particular testimony appears to have been made orally at the time of the trial. It came too late to be considered. If not admissible, advantage of it should have been taken by motion to suppress before announcement of ready for trial. Aside from that, however, we think it admissible. Payne

was the authorized agent of appellant at the time, and one of the issues in the case was that appellant knew that Shapiro was then insolvent. We think his statement comes within the sphere of an admission against interest, and therefore admissible.

[13] By his twenty-seventh and twenty-ninth propositions appellant complains of statements made by Shapiro and one of his creditors to appellant's agents, at the time the shoes were taken by appellant, that Shapiro was then insolvent. We know of no better source of information as to a man's solvency than his own assurances on that matter and those of one of his local creditors who is in a position to know. We think the testimony not only admissible but competent on the question of appellant's reason to believe he was insolvent at the time. The further fact that appellant immediately took steps to protect itself strongly indicates that appellant did believe that Shapiro was then insolvent.

Finding no error of sufficient gravity to authorize us to reverse this case, the judgment of the trial court is affirmed.

Affirmed.