## SHARP & DOHME, Inc., v. BULLINGTON.

### No. 11454.

Court of Civil Appeals of Texas. Galveston.

Nov. 12, 1942.

Bonney & Paxton and M. M. Wade, all of Dallas, for appellant.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Romer Bullington, as trustee of the bankrupt estate of E. C. Neel, against appellant, Sharp & Dohme, Inc., to recover the sum of $267.56, which was alleged to have been the value of merchandise obtained by appellant from the bankrupt while he was insolvent and within four months of the filing of his voluntary petition in bankruptcy, and claimed to be a voidable preference as defined by the bankruptcy law. The action was brought under the provisions of Section 60 of the National Bankruptcy Act of 1938, as amended June 22, 1938, 11 U.S. C.A. § 96.

In a trial before the court judgment was rendered in favor of appellee for the sum of $267.56, the agreed value of the merchandise purchased by appellant.

At the request of appellant the trial court prepared and caused to be filed his findings of fact and conclusions of law.

The main point of contention between the parties is whether appellant, at the time it obtained the goods in question from the the bankrupt debtor, had notice of his insolvency, or had reasonable cause to believe that he was then insolvent. It is the contention of appellant that the evidence is insufficient to support its findings as to these facts.

It is undisputed that appellee was appointed trustee of the estate of E. C. Neel, bankrupt, on April 19, 1940, and that he qualified as such trustee on May 4, 1940; that appellant received from the debtor at the debtor's request, on February 18, 1940, unbroken packages of merchandise which had been sold by it to the debtor at an agreed value of $267.56. The debtor's account was credited by appellant in said sum, and after crediting said account with said amount there remained a balance due appellant by the debtor of approximately $70.

The trial court found, on what we deem to be sufficient evidence, that on February 18, 1940, the date on which appellant took possession of said merchandise, the debtor had assets of the value of $4,325.65, which included all of his property exempt and nonexempt, and that on said date his liabilities amounted to $4,982.65. This finding is supported by the testimony of the debtor himself, who testified without objection that on the 18th day of February, 1940, at the time appellant took possession of the merchandise in question, his assets were of the value of $4,325.65, which included all his property exempt and nonexempt, and that his liabilities amounted to $4,982.65. This testimony is corroborated by the testimony of the trustee in bankruptcy and by the testimony of W. E. Holmes.

█ It has been uniformly held that there is no better source of information as to a man's solvency than his own testimony as to his assets and liabilities at any particular time inquired about. Graham-Brown Shoe Co. v. Snodgrass, Tex.Civ.App., 257 S.W. 632; Remington on Bankruptcy, 4th Ed., Vol. 4, page 699, Section 1753.

Paragraph 19 of Section 1 of Chapter 1 of the Bankruptcy Law of 1938, as amended June 22, 1938, 11 U.S.C.A., § 1(19), defines insolvency as follows: "A person shall be deemed insolvent within the provisions of this Act [title] whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts."

Tested by the foregoing definition of insolvency, the undisputed testimony of Mr. Neel, we think, shows that he was insolvent on February 18, 1940, the date on which appellant took possession of said merchandise.

The trial court further found that appellant knew that Mr. Neel was insolvent when it took possession of the merchandise in question. Appellant contends that there is no evidence in the record to support this finding.

The record shows that Mr. Neel closed his doors for business on February 15, 1940. The merchandise in question was delivered to appellee on February 18, 1940. Mr. Neel testified that on February 15th he told Mr. Nix, an agent of appellant, that he would have to liquidate his business as he could not make a go of it. Appellee introduced in evidence a letter from Mr. Nix addressed to appellant, in which he stated, in substance, that Mr. Neel had told him on February 15, 1940, that he was not going to be able to make a go of his business and that he was going back to work in the store in which he had formerly worked.

█ Since the question of notice of insolvency or the existence of reasonable cause is a question of fact (Remington on Bankruptcy, 4th Ed., Vol. 4, page 908, Section 1820), we think that the trial court was amply justified in concluding from the above testimony that appellant had actual knowledge of the insolvency of Mr. Neel on February 18, 1940, the date on which said merchandise was delivered to it.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.