## PSIMENOS v. HUNTLEY.

### No. 1138.

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1932.

Rehearing Denied March 24, 1932.

D. A. Frank and W. Porter Bondies, both of Dallas, for appellant.

E. G. Senter and B. Ray Smith, both of Dallas, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by John Psimenos from a judgment against him in favor of Mrs. Mary Cordelia Huntley, awarding her damages for the death of her husband, Robert B. Huntley. Appellee's husband was struck and killed by an automobile operated by appellant at a street intersection in the city of Dallas. The case was submitted to a jury on special issues. The jury found that appellant, at the time he struck appellee's husband, was operating his car at a speed in excess of twenty miles per hour, and that such speed was the proximate cause of the injuries sustained by her husband; that appellant kept a proper lookout as he approached the street crossing where appellee's husband was struck; that he saw appellee's husband before striking him, and that he could by the exercise of ordinary care have avoided striking him; that appellee's husband kept a proper lookout as he attempted to cross the street, and that the manner in which he attempted to

cross the same, under all the facts and circumstances existing at the time, was not negligent, and that the injuries sustained by appellee's husband were not the result of an unavoidable accident. The jury assessed appellee's damage at the sum of $3,639.73. The court entered judgment in accordance with the verdict.

### Opinion.

Appellant presents a group of assignments in which he contends that the court failed and refused to place upon appellee the burden of proving by a preponderance of the testimony the affirmative of the several issues upon which her recovery is predicated, and that such issues as submitted in effect placed on him the burden of proving the converse thereof by a preponderance of the testimony before the jury were authorized to return a negative answer thereto. The court instructed the jury to answer the questions propounded to them from the preponderance of the testimony. All such questions, except the one asking the jury to fix the amount of appellee's damages, were in substantially the same form. The first of such questions and the answer of the jury thereto were as follows: "Was the defendant, at the time he struck plaintiff's husband, driving his car at a speed in excess of twenty-five miles per hour? Answer 'yes'· or 'no.' " Answer: "Yes."

■ Appellant objected to the manner in which such issues were submitted on the ground that the burden of proving the same was not placed upon appellee, and asked the court to instruct the jury in proper terms with reference to such burden. He also objected specially to the manner in which the issue above quoted was submitted on the ground that the same placed upon him the burden of proving the converse thereof. The right of parties litigant to have a proper charge on the burden of proof is a valuable one. Boswell v. Pannell, 107 Tex. 433, 438, 180 S. W. 593, 595; City of Corsicana v. King (Tex. Civ. App.) 3 S.W.(2d) 857, 863, 864 (writ refused); Colvard v. Goodwin (Tex. Civ. App.) 24 S.W.(2d) 786, 793, and authorities there cited; St. Louis S. W. Ry. Co. v. Weathersbee (Tex. Civ. App.) 22 S.W.(2d) 986, 987; Houston & T. C. Railroad Co. v. Stevenson (Tex. Com. App.) 29. S.W.(2d) 995, 999; Home Insurance Co. v. Ketchey (Tex. Civ. App.) 45 S.W.(2d) 350. There are, however, some differences of opinion among the several courts with reference to the proper manner of placing such burden and what constitutes a proper placement thereof. The Commission of Appeals, in Houston & T. C. Ry. Co. v. Stevenson, 29 S.W.(2d) 995, 999, pars. 3 and 4, held that it was proper in special issue cases to instruct the jury in specific terms upon which party the burden of proving each issue rested. We quote therefrom as follows: "We think it proper to state that, when plaintiff pleads and relies for recovery upon specific acts of negli-

gence on the part of the defendant, and the case is submitted to the jury upon special issues, it is proper to instruct the jury as to those acts of negligence so charged and relied upon that the burden is upon the plaintiff to establish them by a preponderance of the evidence. When the defendant challenges the right of plaintiff to recover by reason of certain exceptions, and that by virtue of certain exceptions there is no liability on the part of the defendant, and special issues based upon such exceptions are submitted to the jury upon such special issues, it is proper to instruct the jury that the burden is upon the defendant to establish them by a preponderance of the evidence."

In many cases, however, the questions propounded to the jury have been so framed as to require that an affirmative answer thereto should be based on a preponderance of the testimony. The Commission of Appeals, in Federal Surety Co. v. Smith, 41 S.W. (2d) 210, 214, par. 16, in an opinion by the same able jurist who wrote the opinion in Houston & T. C. Ry. Co. v. Stevenson, supra, approved this as the preferable manner of placing such burden. We quote therefrom as follows: "In view of the frequency with which we are called upon to determine the correctness of the form of special issues, we desire to suggest that the least objectionable method of procedure is for the trial court to propound the question to be submitted in the form, 'Do you find from the preponderance of the evidence that' (following with the question to be determined), so framing the question upon each issue, as to place the burden of proof where it properly belongs." In the form of submission suggested, each separate question is so framed as to require in terms that an affirmative answer thereto shall be based on a preponderance of the testimony. If the testimony does not preponderate in favor of an affirmative answer, a negative answer would follow as a necessary consequence.

■ The court in his charge in this case attempted to place the burden of proof by telling the jury that they should answer all questions from the preponderance of the testimony. Applying this instruction to the first question propounded, as quoted above, by incorporating same therein, it reads substantially as follows: "Was the defendant, at the time he struck plaintiff's husband, driving his car at a speed in excess of 25 miles per hour? Answer 'yes' or 'no' from a preponderance of the testimony." So read, we think that, while the jury were told that an affirmative answer thereto must be supported by a preponderance of the testimony, they were further told that a negative answer thereto must also be supported by a preponderance of the testimony, whereas appellant was entitled to a negative answer thereto in event the testimony merely failed to preponderate in favor of an affirm-

ative answer. The testimony in the case was conflicting. Appellee introduced her witness Johnson, who testified that he was approaching said street intersection at right angles to appellant's car and approximately 50 feet therefrom at the time of the accident; that appellant's car was moving at the rate of thirty or forty miles an hour. Appellant testified that he entered the street intersection from the east; that he slowed down as he entered the same and passed another car going in the opposite direction; that he had his car in second gear and was traveling at the rate of ten or twelve miles per hour; that immediately after passing the other car he shifted to high gear; that just as he did so he struck the deceased, who was crossing the street from south to north at the west side of such intersection; that he stopped within 5 or 6 feet from the point of collision. Appellant also called as a witness a young lady who was sitting on the same seat with the witness Johnson in the car which he was driving at the time of the accident. She testified that, while she had never driven a car, she could tell whether a car was going fast or slow, and that appellant's car was moving slowly at the time of the accident. We think, under the facts, the form of the charge was calculated to confuse rather than aid the jury in determining their answer to the question under discussion, and that appellant was deprived of his right to have either a specific instruction placing upon appellee the burden of proving the affirmative of such question, or to have such question so framed that the jury would necessarily understand that the same should be answered affirmatively only in event the testimony preponderated in favor of such answer, and, absent such preponderance, in the negative. See, also, Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791, 796, pars. 10 and 11; Davis v. Morrison (Tex. Civ. App.) 14 S.W.(2d) 298, 299, par. 4; Commercial Standard Ins. Co. v. McGee (Tex. Civ. App.) 40 S.W.(2d) 1105, 1107, par. 8; Muldoon v. J. E. Bray Land Co. (Tex. Civ. App.) 147 S. W. 701; Texas Cent. R. Co. v. Hico Oil Mill, 59 Tex. Civ. App. 330, 126 S. W. 627, 628. What has been here said applies with equal force to the other questions submitted by the court to the jury for determination.

▉▉ Appellant presents assignments of error in which he contends the court erred in failing to adequately submit the issues of contributory negligence raised by his pleadings and the testimony, and in refusing his several requested special issues on that phase of the case. The testimony showed that the deceased, with a glass jar in his hand, somewhere between 9:00 o'clock p. m. and midnight, attempted to cross Gaston avenue at the west line of its intersection with Carrol avenue; that he was struck somewhere near the middle of the street and thrown across the same against the curb in the direction in which he was going. Appellant testified that when he first discovered the deceased he was directly in front of his car and running. Appellant contended that the act of the deceased in running across the street constituted contributory negligence, and requested an issue submitting such contention to the jury for determination. The court refused the same. Our Supreme Court, in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522, said: "In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven." The court further held in that connection that it was improper to submit a general question of contributory negligence without regard to specific acts pleaded and supported by proof. The court in this case submitted a special issue inquiring whether or not the deceased kept a proper lookout as he attempted to cross the street. This was the only specific act of negligence charged against the deceased by appellant which the court submitted. The court, however, did submit another special issue inquiring whether the manner in which the deceased attempted to cross the street was negligence. The latter issue was a general submission of the question of contributory negligence, without regard to the specific acts of negligence pleaded and relied on by appellant. Should the pleadings and testimony on another trial raise an issue as to whether deceased attempted to run across the street immediately in front of appellant's car, appropriate questions should be submitted with reference to whether deceased did so, whether such action was negligence, and whether such negligence proximately caused or contributed to the accident which resulted in his death. Fox v. Dallas Hotel Co., supra; Northern Texas Traction Co. v. Singer (Tex. Civ. App.) 34 S.W.(2d) 920, 922, par. 3; Fort Worth & R. G. Ry. Co. v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137, 138, par. 3.

▉▉ Appellant presents an assignment of error in which he contends that the court erred in defining the term "proper lookout" in connection with the submission of the issue as to whether deceased kept such lookout as he attempted to cross the street at the time of the accident. The court told the jury that "keeping a proper lookout" on the part of a pedestrian means that when he starts to cross a street at or near an intersection he shall look both to the right and left to ascertain if there is a car approaching which might collide with him. The definition given is subject to criticism. The law does not prescribe what particular acts on the part of a person attempting to cross a street at or near its intersection with another shall constitute a proper lookout. What shall constitute such lookout must be determined from all the facts and circumstances existing at the time of such attempted crossing. A proper lookout in such cases is therefore such as

would be kept under the circumstances existing at the time by a person of ordinary care and prudence in entering and crossing such street to discover the approach of vehicles in time to avoid being struck thereby. Northern Texas Tract. Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 175, 179, par. 6; Missouri, K. & T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854, 855, par. 3; Southern Railway in Kentucky v. Caplinger's Administrator, 151 Ky. 749, 152 S. W. 947, 950, pars. 7 and 8, 49 L. R. A. (N. S.) 660.

Appellant's other assignments of error raise issues which will not necessarily arise in the same way, if at all, upon another trial and present consideration of the same is therefore unnecessary.

The judgment of the trial court is reversed, and the cause remanded.