TRADERS & GENERAL INSURANCE COMPANY V. W. B. JENKINS.

No. 7527. Decided June 19, 1940.
Rehearing overruled September 25, 1940.
(141 S. W., 2d Series, 312.)

*Simpson, Dorenfield & Fullingim,* of Amarillo, *Lightfoot, Robertson & Gano* and *Dan P. Johnston,* all of Fort Worth, for plaintiff in error.

In a compensation case tried before a jury wherein plaintiff is contending that he is totally and permanently disabled and the evidence raised a question of fact as to whether or not such claimed total and permanent disability is in fact partial, the burden of proof is on the claimant to prove that his alleged disability is total and also that such alleged disability is not partial. The trial court erred, therefore, in submitting a special issue inquiring whether from a preponderance of the evidence the alleged injuries sustained by plaintiff rendered him partially incapacitated for work, over the objection of defendant that such issue as given, placed the burden of proof upon the defendant to prove the plaintiff's alleged disability was partial. Traders & Gen. Ins. Co. v. Milliken, 110 S. W. (2d) 108; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Texas 655, 106 S. W. (2d) 268; Texas Indemnity Ins. Co. v. McCurry, 41 S. W. (2d) 215.

Where plaintiff in contending for total permanent disability to the exclusion of temporary disability, the burden is upon him to negative the defensive issue of temporary total disability. Traders & Gen. Ins. Co. v. Forrest, 78 S. W. (2d) 987; Greer v. Thaman 55 S. W. (2d) 519; Travelers' Ins. Co. v. Maldonado, 89 S. W. (2d) 300.

*James O. Cade,* of Amarillo, for defendant in error.

In a compensation case the plaintiff, in case the jury finds against him on the issue of total permanent disability then has the burden of proving his partial disability in order to recover a lesser judgment, and the court correctly submitted the issue inquiring of the jury whether from a preponderance of the evi-

dence the injuries sustained by plaintiff rendered him partially incapacitated for work. Indemnity Co. of N. A. v. Boland, 31 S. W. (2d) 518; Safety Casualty Co. v. Walls, 117 S. W. (2d) 880; Traders & Gen. Ins. Co. v. Wyrick, 118 S. W. (2d) 923.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

The following are the material statements of the certificate certifying, in a workmen's compensation case, the three questions set out at the conclusion of the certificate:

"The defendant in error, W. B. Jenkins, filed the suit in the district court of Potter County as an appeal from an award of the Industrial Accident Board. The case was submitted to a jury upon special issues and upon their findings to the effect that defendant in error was totally and permanently incapacitated by the injuries received * * *, the court rendered judgment against plaintiff in error * * *.

"In submitting the case to the jury upon special issues the court made use of the general form which has come to be almost universally employed in framing the special issues, in substance, viz: 'do you find from the preponderance of the evidence,' and after completing the special issue, instructing the jury to answer 'Yes' or 'No.'

"The assignments of error complain of a number of special issues so framed, asserting that the form used placed the burden of proof, both as to an affirmative and a negative answer, upon the parties plaintiff and defendant respectively. Special issue No. 2-a furnishes an example of the form of special issues used throughout the charge. It is as follows:

'Do you find, from a preponderance of the evidence, that such injury, if any, sustained by the plaintiff on or about May 31, 1937, rendered the plaintiff totally incapacitated for work? Answer Yes or No.'

"In the preceding portion of the charge, the court instructed the jury as follows: .

'By the expression "preponderance of the evidence" is meant the greater degree and weight of credible testimony before you.'
* * * * *

"Since the decision by the Court of Civil Appeals at Waco in the case of Psimenos v. Huntley, 47 S. W. (2d) 622, a number of decisions have been handed down by the Courts of Civil Appeals in which it is strongly indicated, if not, in fact, held outright, that any special issue in which it is required

that the jury answer 'from a preponderance of the evidence' and at the conclusion of which the jury is required to answer 'Yes' or 'No,' or the form of their answer is otherwise prescribed in an alternative manner, constitutes the placing of the burden of proof upon both parties; that is, upon the plaintiff to establish the affirmative, and upon the defendant to establish the negative, of the issue submitted. McClelland v. Mounger, 107 S. W. (2d) 901; Fidelity & Casualty Co. v. Van Arsdale, 108 S. W. (2d) 550; Federal Underwriters Exchange & Rigsby, 114 S. W. (2d) 354.

\* \* \* \* \*

"Since the members of this court do not agree as to whether or not the special issue No. 2-a involved in the instant case possesses the same vice as was revealed in the case of Psimenos v. Huntley, supra, we deem it advisable to submit to your Honors the following questions:

1st.

"In submitting special issue No. 2-a in the form quoted above, did the trial court place the burden upon the plaintiff in error (defendant below) of proving the negative of the question asked?

2nd.

"Did the form of the special issue No. 2-a adopted by the trial court definitely place the burden of proof upon the defendant in error (plaintiff below) of establishing the affirmative of the question asked?

3rd.

"Did the submission of special issue No. 2-a in the form adopted by the trial court have the effect of confusing the matter of the burden of proof to the extent that it was erroneous?"

The second question certified will be answered first.

■ A reading of the question asked in submitting the issue, together with the only answer that could be made under the instruction, indicating that plaintiff was totally incapacitated, discloses that the burden of proving that fact was definitely placed upon him. The second question is answered "Yes." Federal Surety Co. v. Smith (Com. App.), 41 S. W. (2d) 210, 214.

In the case cited the form of the issue involved, reading "was or was not plaintiff totally disabled," together with the preceding portion of the charge quoted above, does not place the burden upon plaintiff. The burden is not thereby placed

upon plaintiff any more than upon defendant. Nor does the instruction to answer "yes" or "no" place the burden definitely upon plaintiff. It is stated in the opinion that the use of the words "was or was not" in the question, followed by the instruction to answer "yes" or "no", was confusing, and that the question could not be categorically so answered and leave the meaning of the answer "free of all uncertainty." The form of submission was therefore objectional, but the cause was not reversed upon that ground.

The case was reversed, however, upon another ground; and in view of another trial and the frequency with which the court was being called upon "to determine the correctness of the form of special issues," the suggestion was made that the question *upon each issue* be so framed as to place the burden, and a form of question was framed in the opinion to meet that suggestion. It reads: "Do you find from a preponderance of the evidence that (following with the question to be determined)." In other words it was suggested that every issue be so framed as to itself place the burden of proof.

In the Huntley case, which was decided in the light of the holdings and suggestion made in the Federal Surety Company case, the form of submission involved reads:

"Was the defendant * * * driving his car at a speed in excess of 25 miles per hour? Answer 'yes' or 'no' from a preponderance of the testimony."

The form of the question placed the burden nowhere. The burden of proving the fact inquired about was upon plaintiff, and the result of the instruction to answer "from a preponderance of the testimony," together with a "yes" answer, so placed the burden. The burden to prove the negative of the fact inquired about did not rest upon defendant, however, but the result of the instruction to answer "from a preponderance of the testimony," taken in connection with a "no" answer, improperly placed the burden upon defendant. For this reason the form of submission in the Huntley case was erroneous.

Chief Justice Gallagher correctly concluded that defendant had a right "to have *either* a specific instruction placing upon appellee (plaintiff) the burden of proof of such question, or *to have such question so framed that the jury would necessarily understand that the same should be answered affirmatively only in the event the testimony preponderated in favor of such answer, and, absent such preponderance, in the negatwe."* (Italics ours).

The Chief Justice was careful to point out in the opinion that in the form of submission suggested in the Federal Surety Company case, supra, "each separate issue is so framed as to require in terms that an affirmative answer thereto be based on a preponderance of the testimony." It was also pointed out that in the suggested submission, "if the testimony does not preponderate in favor of an affirmative answer, *a negative answer would follow as a necessary consequence.*"

It appears from what has been stated that the form of submission used by the trial court in the present case is not only not condemned by the holding in the Huntley case, but that it approved the suggested submission as meeting the essential requirement with respect to placing the burden of proof on plaintiff.

The preliminary statement in the charge defining "preponderance of the evidence," does not place the burden of proof upon either party.

Justice Critz in Texas Employers Ins. Co. v. Lemons, 125 Texas 273, 83 S. W. (2d) 658, approved the holding in both the Huntley and Federal Surety Company cases upon this point, pointing out specifically that the form of question under consideration simply asks the jury whether "you find from the evidence"?; and that it "in no manner tells the jury that a 'yes' answer requires such preponderance." The reasoning of the opinion in the Huntley case was adopted, and in this connection attention was called to the fact that "this Court has repeatedly indicated that the preferable way to dispose of the question of burden of proof on special issues is to construct each issue or question so as to indicate its own burden of proof."

We answer the second question that the form of special issue No. 2-a, supra, definitely placed the burden of proof upon plaintiff, Federal Surety Co. v. Smith, and Texas Employers Ins. Co. v. Lemons, both supra.

■ We answer the first question certified that the trial court, in submitting issue No. 2-a in the form stated, did not thereby place the burden upon the defendant of proving the negative of the question asked.

The form of the question itself requires a "yes" answer to be based upon a preponderance of the testimony; and, as stated in the Huntley case, "if the testimony does not preponderate in favor of an affirmative answer, a negative answer would follow as a necessary consequence." While not the least objectionable way in which to submit the issue, it does not

tell the jury, as does the form involved in the Huntley case, "that a negative answer thereto * * * must * * * be supported by a preponderance of the testimony." In addition to the cases cited above, see Gulf C. & S. F. Ry. Co. v. Guin (Com. App.), 131 Texas 548, 116 S. W. (2d) 693. See also in this connection Stevenson v. Wilson, (wr. ref., 130 S. W. 317. See also Fidelity Casualty Company of New York v. McLaughlin, 106 S. W. (2d) 815, affirmed 135 S. W. (2d) 953, with blanket approval of the holdings of the Court of Civil Appeals, including, without discussion, its holding upon the question now under consideration. See also on this point Southern Underwriters v. Jones, 137 S. W. (2d) 52, and Texas Fire and Casualty Underwriters v. Blair et al, 130 S. W. (2d) 409.

■ We answer the third question certified that the submission of special issue No. 2-a in the form adopted by the trial court did not have the effect of confusing the matter of burden of proof to the extent that it was erroneous. In addition to cases above cited, see Phoenix Refining Co. v. Tips, 125 Texas 69, 81 S. W. (2d) 60; Gulf, C. & S. F. Ry. Co. v. Guin (Com. App.), supra; also Traders & General Ins. Co. v. Burns, 118 S. W. (2d) 391; Traders & General Ins. Co. v. Huntsman, 125 S. W. (2d) 431, and cases there cited upon this point; Travelers Ins. Co. v. Noble, 129 S. W. (2d) 778; Southern Underwriters v. Jones, supra.

In view of what has been stated, and the cases cited, it is unnecessary to discuss the Mounger, Van Arsdale and Rigsby cases, supra. To the extent they are in conflict with the holdings herein approved they are overruled.

■ There is an increasing tendency upon the part of the courts not to reverse a case because a form of submission of an issue is subject to objection, unless, of course, the issue is objectionable to the extent it denies to one of the parties a valuable right. It may be added that by the suggestions made from time to time that one form of issue is less objectionable than another, or that one form is preferrable to another, it is not meant to be implied that such form is exclusive, or that a prior suggested form is erroneous. See Federal Surety Co. v. Smith, supra; Southern Ice & Utilities Co. v. Richardson, 128 Texas 82, 95 S. W. (2d) 956; Gulf, C. & S. F. Ry. Co. v. Guin, supra.

As stated by Chief Justice Gaines in Silliman v. Gano, 90 Texas 637, 39 S. W. 559, 40 S. W. 391:

"* * * the rules of procedure in the courts should be so framed as to secure substantial justice, and any oversight of

the court or of counsel, which, within certain limitations, is not calculated to operate to the prejudice of the parties, and has not so operated, should be disregarded."

The measure of the discretion of a trial judge as to the form of issues used by him in ascertaining the essential facts of the case, is limited only to the extent indicated in the foregoing quotation. Wright v. Traders & General Ins. Co., 132 Texas 172, 123 S. W. (2d) 314.

It is in the light of the principle stated in the above excerpt, applied to special issue forms, that the questions certified are answered as above indicated.

Opinion adopted by the Supreme Court June 19, 1940.

Rehearing overruled September 25, 1940.