SOUTHERN PINE LUMBER COMPANY V. D. C. KING.

No. 7796. Decided March 18, 1942.
(161 S. W., 2d Series, 483.)

*R. E. Minton* and *J. O. Minton*, both of Lufkin, for plaintiff in error.

On the question of the court's charge misplacing the burden of proof on a negative finding. Gulf States Utility Co. v. Moore, 129 Texas 604, 106 S. W. (2d) 256; Texas & N. O. Ry. Co. v. Crow, 132 Texas 465, 123 S. W. (2d) 649.

*Manry & Cochran* and *V. A. Collins*, of Livingston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by D. C. King against Southern Pine Lumber Company for damages for breach of a written contract to load logs. In a trial before the court with a jury judgment was rendered in favor of King for $4,858.98. On appeal a remittitur was filed, after which the Court of Civil Appeals affirmed the judgment of the trial court for $3,825.16, that being the amount of its judgment less the remittitur. 142 S. W. (2d) 560. The Lumber Company alone made application for writ of error.

The writ was granted upon assignments presenting questions not discussed in the opinion of the Court of Civil Appeals. We have concluded that some of the assignments must be sustained, and that the cause must be remanded for another trial. In view of that fact it is deemed inadvisable to write upon the fact questions discussed in the opinion of the Court of Civil Appeals further than to make the observation that the evidence is not of such character that would require or authorize a rendition of a judgment in favor of the Lumber Company here.

Special Issues 1 and 2 were each in this form: "Do you find from a preponderance of the evidence that * * *? Answer 'yes' or 'no' as you may determine from a preponderance of the evidence." To the first special issue the Lumber Company timely filed the objection that same misplaced the burden of proof "for a negative answer" and to the second that it mis-

placed the burden of proof "on a negative finding." We have concluded that those objections were valid and should have been sustained.

The right of a litigant to have the charge properly place the burden of proof is a valuable one. In Texas Employers Ins. Co. v. Lemons, 125 Texas 373, 83 S. W. (2d) 658, it was stated that "* * * this proposition of law is too well settled to require the citation of authorities."

The Lumber Company was entitled to negative answers to each of the special issues in the event the evidence did not preponderate in favor of affirmative answers thereto. The issues were so framed as to inform the jury that affirmative answers thereto must be based upon a preponderance of the evidence, but the vice in them lies in the fact that they were so framed as to inform the jury that negative answers thereto must also be based upon a preponderance of the evidence. Considering the questions and the instructions together as they should be considered, since they are both but parts of the special issues, the conclusion cannot be escaped that, while the jury was instructed to answer "yes" from a preponderance of the evidence, it was likewise instructed to answer "no" from a preponderance of the evidence.

Had the instructions been merely to answer the questions "yes" or "no" the special issues would not have been subject to the objections urged against them. Traders & General Ins. Co. v. Jenkins, 135 Texas 232, 141 S. W. (2d) 312. But they went further than that and informed the jury, in effect, that whether their answers were "yes" or "no" they must, in either case, be determined from a preponderance of the evidence. We cannot give our approval to that character of submission of issues. Psimenos v. Huntley, 47 S. W. (2d) 622, expressly approved and adopted in Texas Employers Ins. Co. v. Lemons, supra.

Under any view the issues were confusing, and that within itself condemns them. This language found in the Huntley case, supra, was expressly approved in the Lemons case, supra:

"* * * We think, under the facts, the form of the charge was calculated to confuse rather than aid the jury in determining their answer to the question under discussion, and that appellant was deprived of his right to have either a specific in-

struction placing upon appellee the burden of proving the affirmative of such question, or to have such question so framed that the jury would necessarily understand that the same should be answered affirmatively only in event the testimony preponderated in favor of such answer, and, absent such preponderance, in the negative. * * * *."

For the error above indicated, the judgments of the Court of Civil Appeals and trial court will be reversed and the cause remanded.

Opinion adopted by the Supreme Court March 18, 1942.