Pay to the
order of    Otha Pylant    $39 <u>00</u>
Thirty Nine    No/100    Dollars

For      (Signed) W. M. Malone.

against the peace and dignity of the State."

■ It will be noted in the above instru-
ment that it is attempted to be alleged
what appellant did in altering such instru-
ment. Evidently some one did alter the
same by erasing the words "nineteen" and
substituting therefor the words "thirty-
nine", and again, by erasing the figure "1"
and substituting the figure "3", thus in-
creasing this pecuniary obligation. Since
the pleader saw fit to charge the manner
of this alteration and did charge the era-
sure, he should also have charged whatever
substitution was made; otherwise we
would have no intelligibility in the instru-
ment.

In Franklin v. State, 46 Tex.Cr.R. 181,
78 S.W. 934, we have a case in point hold-
ing an indictment proper which not only
alleged the erasure made, but also the sub-
stitution therein. We think the present
indictment should have alleged the sub-
stituted words and figures.

Branch's Ann.Tex.P.C., p. 869, sec. 1419,
lays down the following doctrine: "An in-
dictment intended to charge a forgery by
alteration, to be sufficient, must set out the
exact manner in which the instrument in
writing already in existence was altered.
State v. Knippa, 29 Tex. 295; Strang v.
State, 32 Tex.Cr.R. [219], 227, 22 S.W.
680; Overly v. State, 34 Tex.Cr.R. [500],
502, 31 S.W. 377; Robinson v. State, 35
Tex.Cr.R. 54, 43 S.W. 526 [60 Am.St.Rep.
20]."

For a proper form on erasures, see Will-
son's Crim. Forms, 4th Ed., Form No.
411; Willson's Crim. Forms, 5th Ed., Form
No. 431; White's Ann.Tex.P.C., Art. 531.

Believing the indictment to be fatally de-
fective, the motion for rehearing is grant-
ed, the order of affirmance is set aside,
and the judgment of the trial court is now
reversed and the prosecution ordered dis-
missed.

**WHITE v. CHRISTIE.**

No. 2754.

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1949.

Thomas & Thomas, Big Spring, for appellant.

Coffee & Coffee, Big Spring, Elton Gilliland, Big Spring, J. L. Sullivan, Big Spring, for appellee.

GRISSOM, Chief Justice.

F. W. White sued W. S. Christie on a note and lease and to foreclose a mortgage lien on cattle and a truck. White alleged that as a part of the same transaction, Christie purchased cattle from White and signed a note therefor in the sum of $6,970.-00, payable in monthly installments beginning October 1, 1947, and secured same by a chattel mortgage on cattle and a truck. White further alleged that he leased to Christie his dairy barn and dairy equipment for one year and that Christie agreed to pay $600.00 rental in monthly payments of $50.00 per month, payable in advance. White alleged that Christie had failed to make payments in accordance with the lease contract and note; that Christie had violated his agreement in the lease and mortgage, not to sell any of the mortgaged cattle and not to remove any of the cattle from the leased premises and that he had failed to make payments on the lease when due. White caused the cattle and truck to be seized under a writ of sequestration. White prayed for judgment for the unpaid balance of the note, foreclosure of his mortgage lien and possession of the dairy barn.

As a defense to plaintiff's cause of action, Christie alleged that White failed to deliver one of the cows purchased and, therefore, the consideration for the note had failed to the extent of $165.00 and he also filed a general denial. Christie then filed a cross-action against White alleging that when White seized the mortgaged cattle under a writ of sequestration that Christie was "not indebted" to him on the "note." Christie sued for conversion of the cattle and truck seized under the writ of sequestration.

The jury found (1) that Christie had paid the monthly rental on the dairy barn through January, 1948. It was undisputed that Christie had not paid the $50.00 monthly rental due on February 3rd, but the jury found, in answer to issue 2, that White had agreed that Christie could wait until he moved the mortgaged cattle from White's premises before paying this installment. The jury further found (3) that White had agreed that Christie could move the mortgaged cattle from White's premises; (4) that White had expressly consented to the sale of all the mortgaged cattle Christie had sold; (5) that White made the affidavit for the writ of sequestration in good faith; (6 & 7) that the value of the 37 head of cattle and truck seized was $7,470.00. Other issues were not answered.

The court rendered judgment for Christie for the difference between the unpaid balance of the note and the value of the sequestered cattle and truck as found by the jury, that is, for $1,970.25. The judgment sets out the findings of the jury. The court found in the judgment that when the writ was issued, Christie was not in default on the note. White has appealed.

Appellant's 8th point is that the court erred in overruling appellant's motion for a mistrial. The entire statement of facts indicates that shortly before the issuance of the writ of sequestration there was an argument between White and Christie relative to the right of Christie to remove the cattle from the leased premises, followed by a fight in which Christie was injured, and that at the time of the trial there was pending in the same court another suit between the parties wherein Christie was seeking damages from White as a result of the fight. Throughout the testimony, the defendant repeatedly, after

objections to similar statements had been sustained and the court had instructed the jury not to consider such remarks, volunteered information to the effect that White had cracked his skull in three places, had mutilated him, had seriously injured him and, as a result, he was unable to transact his former business and unable to remember and unable to answer the questions asked. This constant injection of prejudicial matter, foreign to the questions under investigation, was reasonably calculated to improperly influence the jury in answering the questions submitted to them. They were so often repeated, after proper objections had been made and sustained, that it indicated a purpose to inject such matter into the trial of this case and improperly influence the jury. The statements so repeatedly and improperly volunteered were calculated to cause the jury to believe that plaintiff had made an unprovoked assault on defendant and seriously injured him. Such testimony was reasonably calculated to, and probably did, cause the rendition of an improper verdict. See Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234.

Issues 2 to 4, inclusive, submitted the questions indicated above, asking the jury to find from a preponderance of the evidence whether White "had or had not" done the things heretofore mentioned. They were objected to on the ground that by use of the phrase "had or had not" the jury could not determine upon whom rested the burden of proof. They were further objected to on the ground that they submitted affirmative defenses without any pleadings to support them. They did submit affirmative defenses. They had not been pleaded by the defendant. Texas Rules of Civil Procedure, rule 279 provides that a party shall not be entitled to an affirmative submission of an issue raised only by a general denial and not by an affirmative written pleading on his part. R.C.P. 277 provides, in part:

"* * * if it be deemed advisable, the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists."

But said rule further provides:

"It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon."

■ The burden of proof was on the defendant. We think the court should have given separate instruction, plainly telling the jury that the burden of proof was on the defendant. Southern Pine Lumber Co. v. King, 138 Tex. 473, 161 S.W.2d 483; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, 659; Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622, 623.

■ The affirmative defense of waiver contained in issues 2 to 4 was not pleaded by defendant. The answers to issues 3 and 4 constitute the basis for the judgment convicting White of conversion. It was error to submit said issues over plaintiff's objection that there was no pleading to support them. R.C.P. 94; Tex.Jur. 899; Bute v. Holland, Tex.Civ.App., 155 S.W.2d 69, 72.

The judgment is reversed and the cause remanded.

COLLINGS, J., not sitting.