## GLASS v. UPTON et al.
### No. 9835.

Court of Civil Appeals of Texas. Austin.
Jan. 4, 1950.

John C. Marburger, La Grange, for appellant.

Hollis Massey, Columbus, Moss & Moss, Miles L. Moss, La Grange, for appellees.

GRAY, Justice.

Appellees, Hattie Upton and husband Early Upton, brought this suit against appellant, alleging that Hattie Upton is the owner of 30 acres of land in Fayette County, Texas, which she purchased in good faith, for a valuable consideration and without notice of any claim or interest of appellant, the holder of a prior unrecorded deed; that such prior unrecorded deed is null, and void as to appellee Hattie Upton, under the provisions of Art. 6627, Vernon's Ann.Civ.St. They prayed that such deed be declared null and void as to the rights of Hattie Upton and that the cloud cast upon her title be removed.

The facts show that appellee Hattie Upton is the daughter of Henry Glass, now deceased, and appellant is his son. During the lifetime of Henry Glass, and on July 13, 1936, he, joined by his wife, Joycie, the stepmother of appellant and appellee Hattie Upton, conveyed to appellant 60 acres of land in Fayette County, Texas, reserving to himself the use and enjoyment of the property during his lifetime. The recited consideration is love and affection and grantee's attention and care of grantor, and his assistance in looking after grantor's personal wants and welfare in his aged and feeble physical condition. This deed was not filed for record until November 6, 1942. On October 22, 1942, Henry Glass and wife conveyed to appellee Hattie Upton 30 acres of land which is a part of the 60-acre tract conveyed to appellant, reserving to the grantors the possession, use, rents and profits of said land until the death of the survivor. The recited consideration is $10 and other good and valuable consideration paid. This deed was filed for record October 22, 1942.

Henry Glass died July 16, 1948, but at the date of the trial his wife was living.

Upon a jury's verdict, the trial court rendered judgment awarding appellees the relief prayed for.

Appellant timely objected to the submission of issue No. 1. This issue and its accompanying instruction is:

"Do you find from a preponderance of the evidence that Hattie Upton had notice of the deed dated July 13, 1936, from Henry Glass and wife, Joyce Glass, to Andy Glass of the 60 acres of land prior to October 22, 1942? Answer 'Yes' or 'No.'

"By 'notice' is meant actual knowledge of the deed, or knowledge of such facts, if any, if pursued by a reasonable, prudent person would have lead to the discovery of the existence of such deed."

Appellant at the time requested the court to submit Requested Issue No. 1 and its accompanying instruction, as follows:

"Do you find from a preponderance of the evidence that Hattie Upton purchased the lands described in a deed dated October 22, 1942, from Henry Glass without notice of the deed from Henry Glass and wife, Joycie Glass, to Andy Glass dated July 13, 1936? Answer 'Yes' or 'No.'

"By the term 'without notice' is meant the lack of actual knowledge of the deed or the lack of knowledge of any fact or facts which would arouse the suspicion of an ordinary prudent person and which would cause him to make an investigation with reasonable diligence to determine the existence or nonexistence of such deed."

Appellant's objection in the trial court and here complains that the issue as submitted relieved appellees of the burden of proving that appellee Hattie Upton took without notice of the prior unrecorded deed.

The provisions of Art. 6627, V.A.C.S., as applicable here, are: "All * * * conveyances * * * of * * * land * * * shall be void as to all * * * subsequent purchasers for a valuable con-

sideration without notice, unless * * * filed with the clerk, to be recorded as required by law; but the same * * * as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

It is the settled law of this state that a person claiming the benefits of this article has the burden of proving he purchased for value and without notice. Ryle v. Davison, 102 Tex. 227, 115 S.W. 28; McDonald v. Galt, Tex.Civ.App., 173 S.W. 2d 962, Er. Ref. WM.; 43 Tex.Jur., p. 687, Sec. 406.

Appellees do not dispute the correctness of this rule, but say the issue as submitted was correct.

We do not agree with appellees. In order for them to prevail they must show by a preponderance of the evidence that Hattie Upton took "without" notice of the prior unrecorded deed, and not that she "had" notice of it. That is, they must show that Hattie Upton was without actual knowledge of the deed, or of such facts as would fairly and reasonably put a person of reasonable care and prudence upon inquiry as to the title of the property she was purchasing, in which event she would be bound to take notice of such facts as a reasonable inquiry would reveal. The issue as submitted is in effect the reverse of the one requested. Appellees plead that Hattie Upton took without notice and the burden rested on them to prove it. Farmers Mut. Royalty Co. v. Isaacks, Tex.Civ. App., 138 S.W.2d 228.

The issue as submitted authorizes a "Yes" answer only from a preponderance of the evidence. If the evidence does not so preponderate then a negative answer is authorized. The jury did answer the issue "No," and based on this answer, in part at least, judgment was rendered for appellees. The jury's answer is in effect a finding that a preponderance of the evidence fails to show that Hattie Upton had notice of the prior unrecorded deed. Appellees had the burden to show by a preponderance of the evidence that Hattie Upton took without notice and, as submitted, Special Issue No. 1 did not properly place

the burden of proof. Aetna Casualty & Surety Co. v. Toblowsky, Tex.Civ.App., 120 S.W.2d 460, Er. Dis.; Traders & General Ins. Co. v. Jenkins, 135 Tex. 232, 141 S.W.2d 312; Southern Pine Lbr. Co. v. King, 138 Tex. 473, 161 S.W.2d 483; Uvalde Co. v. Tribble, 292 S.W. 932, 300 S.W. 23, Er. Dis.; 43 Tex.Jur., p. 687, Sec. 406.

Upon another trial the requested issue or one of like import, together with an appropriate instruction as to what constitutes "without" notice, should be given.

By his second point appellant complains of the refusal of the trial court to submit his Requested Issue No. 2, inquiring if Hattie Upton purchased the land from Henry Glass in good faith.

We have examined the pleadings and evidence but, in view of another trial, will not discuss either further than to observe that appellees plead the purchase was in good faith. If upon another trial there should be evidence to support such issue, then it should be given. In Houston Oil Co. v. Hayden, 104 Tex. 175, 135 S.W. 1149, 1152, the court said: " * * * In many cases the transaction is such that the questions of consideration and notice are practically the only ones; the element of good faith being regarded as present or absent according to the findings on those points. But it is nevertheless an element essential to the protection given an innocent purchaser, and if in a given case, notwithstanding evidence of the payment of a valuable consideration and of the absence of notice, there remains a question as to the existence of good faith in the transaction on the part of the purchaser, that, too, must be resolved in his favor before the claimed protection can be given." See Strong v. Strong, 128 Tex. 470, 473, 98 S.W.2d 346, 109 A.L.R. 739; 43 Tex.Jur., p. 684, Sec. 403.

We think there was no error in failing to submit appellant's Requested Issue No. 3.

Submitted Issue No. 2 inquired if the deed to Hattie Upton was given for a valuable consideration; and a finding whether Hattie Upton did or did not render services to Henry Glass as a purchase

price for the lands would not be controlling but evidentiary only. Rule 279, T.R.C.P.; Leeder v. Leeder, Tex.Civ.App., 161 S.W. 2d 1112, Er. Ref.

Appellant's plea that at the time of the institution of this suit appellee's cause of action was barred by the four year statute of limitation must be overruled, for the reason that the cause of action as alleged, being for the cancellation of appellant's deed and removal of cloud from appellees' title, was continuing and was not barred. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304; Evans v. Graves, Tex.Civ.App., 166 S.W.2d 955, 958, Er. Ref. W. M., wherein Restatement of the Law, Property, page 902, sec. 222, is quoted, as follows: "Frequently the owner of a future interest as such can establish his ownership by a suit in equity to quiet title or to remove a cloud upon title or by analogous statutory proceedings legal or equitable. It might be reasoned that this fact should require him to avail himself of these rights of action and that the statutory period should thenceforth run, not only upon these equitable and statutory proceedings, but also upon the action of ejectment which might be brought when the interest becomes present. However, these equitable and statutory proceedings are considered to be created for the additional protection of the owner of the future interest; and to hold that their existence causes the statute of limitations to run upon ejectment proceedings would in considerable measure reduce the protection accorded to the future interest holder when his estate becomes present. It is therefore immaterial in computing the statutory period in an action of ejectment or similar proceeding that, before the plaintiff's estate became a present interest, he could have brought suit to quiet title or to remove cloud on title or could have commenced a statutory proceeding analogous to one of these."

Because of the error of the trial court in refusing to submit appellant's Requested Issue No. 1, this cause is reversed and remanded.

Reversed and remanded.