Otto P. DOWNING, Appellant,

v.

Douglas H. CONNER et al., Appellees.

No. 15588.

Court of Civil Appeals of Texas.

Dallas.

March 11, 1960.

Rehearing Denied April 8, 1960.

W. H. Hall and Eldon Lee Bell, Dallas, for appellant.

Gragg & Storey, and Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

YOUNG, Justice.

The suit of appellant Downing, against Douglas H. Conner and wife, and Samuel Bert, was generally for title and possession of certain notes consequent upon a conveyance of real property by Downing to the Conners, allegedly obtained by misrepresentations and fraud; which realty was later conveyed by the Conners to Bert. Upon jury answers to special issues, the court rendered judgment for defendants; or that plaintiff Downing take nothing by his suit, which court action is the subject of this appeal.

The jury answered in the negative or "No" to each of the following issues submitted in the court's charge on behalf of plaintiff. No. 1. "Do you find from a preponderance of the evidence that prior to plaintiff's execution of deed to the property in question the defendants, Douglas H. Conner, Jr. and Jane Conner agreed that the sole purpose of such conveyance was.

to facilitate a sale thereof for the use and benefit of the plaintiff, Otto P. Downing? * * * Answer: No."

Issue No. 2: "Do you find from a preponderance of the evidence that prior to plaintiff's execution of deed to the property in question the defendants Douglas H. Conner, Jr. and Jane Conner represented to the plaintiff Otto P. Downing that plaintiff was too old to obtain a loan and that if plaintiff would convey the property in question to them, they could and would obtain a loan sufficient to pay taxes due and that after obtaining said loan they would reconvey the property to plaintiff? * * * Answer: No."

Issues three and four, conditionally submitted, were not answered because of the negative answers to plaintiff's issues one and two. The jury answered "yes" to issue No. 5 as follows: "Do you find from a preponderance of the evidence that the plaintiff, Otto P. Downing, conveyed the property in question to the defendants, Douglas H. Conner and Jane Conner, as a gift?" And to issue No. 6, the answer was "$17,600.00" to the inquiry as follows: "What amount of money, if any, do you find from a preponderance of the evidence has been advanced by the defendants, Douglas H. Conner and Jane Conner, to or for the use and benefit of Otto P. Downing and Ella C. Downing?"

Plaintiff (appellant) and wife, Ella C. Downing, were the parents of Mrs. Jane Conner, wife of defendant Douglas H. Conner, and over previous years had been owners of and residing upon Lots 1, 2, 3, 4 and 5, Block 40/1614, Mt. Auburn Addition, to the City of Dallas. The conveyance in question of this property from the Downings to Conner and wife was of date June 17, 1952; the background of such transaction being as follows: Downing had been sued for delinquent city taxes due on the property with foreclosure in prospect; going to the Conners and relating his difficulties with respect to said tax suit and other pressing debts; that he was

unable to borrow the necessary funds for their payment, being 73 years of age and Mrs. Downing then in a mental institution. Mr. Conner was in no position to advance the money required and they decided to secure legal counsel; going to Hon. William R. Herring, of the Dallas Bar. On the latter's advice, Downing first qualified as community survivor through the Probate Court, then executing a deed to the Conners reciting a consideration of $10 and execution by grantees of a $3,000 vendor's lien and deed of trust installment note payable to Otto P. Downing, individually, and as said community survivor, who on the same date sold it to Frank C. Slay by written assignment in connection with his affidavit reciting in part: "Affiant has this day sold said property to Douglas H. Conner and wife, Jane Conner for the express purpose of paying various community debts, including outstanding lien to Grand Avenue State Bank, delinquent City Taxes for two years, delinquent State and County Taxes for 3 years, and various hospital and doctor bills accruing by virtue of the illness of affiant and affiant's wife. Affiant hereby swears that the conveyance to the said Douglas H. Conner and wife, Jane Conner, was a bona fide sale and was not made for the purpose of evading any of the homestead laws of the State of Texas. Affiant has delivered said property to the purchaser and has no intentions of ever using, claiming or occupying said property as his homestead. Affiant understands that Frank C. Slay is purchasing the vendor's lien note, secured by a Deed of Trust, relying on the truth of these statements, and knows full well that the said Frank C. Slay would not purchase said note and lien securing same if these statements were not true and correct."

The described property was sold by the Conners in October 1954 to Samuel Bert, codefendant in the suit, for $20,000, of which $5,000 was cash, the balance an installment note for $15,000, payable $100 per month inclusive of principal and inter-

est. More specifically, the suit of appellant alleged execution of the June 1952 deed through misrepresentations and fraud of his daughter and son-in-law, seeking foreclosure of the original $3,000 note and recovery of the cash received by the Conners in the 1954 sale to Bert and title and possession of the note given by Bert to them in said later sale.

Of appellant's ten points, only one, two and five are briefed. The initial point challenges the verdict and answer of the jury to issue one as having no evidence in support; point two being alternatively that if there be in fact some evidence in support of the jury negative answer to issue No. 1, then said answer was against the overwhelming weight and preponderance of the evidence, also was the result of passion and prejudice of the jury against the plaintiff.

■■■ The burden was upon plaintiff to establish by a preponderance of the evidence the affirmative of issues one and two, and upon conflicting testimony the jury has simply found that the testimony did not so preponderate; negative answers to these issues following as a necessary consequence. Psimenos v. Huntley, Tex. Civ.App., 47 S.W.2d 622. We will touch briefly upon conflicting evidence adduced, material to these issues.

No witness testified directly that the sole purpose of the June 1952 conveyance was to facilitate a sale of the property for use and benefit of Otto P. Downing. He testified that "the agreement I had with Mr. Conner and his wife about what they would do with the property after I conveyed it to them, they were going to borrow this money and pay my bills that were urgent." In oral testimony Downing stated that he was to receive $100 from the sale, claiming to the receipt of only $50 thereof. By deposition he testified to having no agreement with Conner about the property or its reconveyance; stating that he had not told Conner not to resell at a later date

and of no conversation as to disposition of surplus proceeds incident to the June 1952 deed. Mr. Herring, attorney for the parties, stated that in the conference with Downing the latter said nothing with respect to a conveyance of the property for any limited purpose; but to the contrary, that Downing had indicated that he was about to lose the property, that he didn't want his children to lose the equity in it; that Mr. Conner and his daughter had been awfully good to him, and if the equity could be salvaged, he wanted them to have it.

Douglas Conner testified at length, corroborative of the testimony of Mr. Herring and more; that Downing had said the sole consideration he was to receive from the June 1952 deed was $100 which was paid by the witness, $50 in cash, and balance placed in a bank account to credit of plaintiff; he not demanding further money until after the property was sold to Bert; that there had been no agreement with Downing about purpose of the conveyance being to sell the property for the use and benefit of Downing; plaintiff on the other hand saying that he wanted his daughter to have the property; that she was his only child and that she ought to have it, then acquiescing in the deed to them. Further with respect to the proceeds of the $3,000 note that there was no conversation with plaintiff about disposition thereof other than payment of community debts amounting to between $1,100 and $1,500. As bearing generally upon the issues under discussion, the Conners testified that contributions made to the support of Mr. and Mrs. Downing since 1951 or 1952 was in the amount found by the jury; that at time of the June 1952 conveyance it was his understanding that the East Grand property was to be conveyed to himself and wife as an out-right gift insofar as could be effectuated; and in which connection he had made a Federal Gift Tax return. After the Downings had been required to move from the East Grand Avenue property, the Conners pur-

chased a residence for their use on Marabella Street, where plaintiff and wife now live, Mrs. Downing having been restored to health.

The foregoing factual situation, thus generally outlined, constitutes adequate basis for the jury findings adverse to the contentions of plaintiff; and from our view of the record as a whole this fact finding body could hardly have arrived at any other conclusion.

Appellant's points one and two being overruled, any discussion of his third point, contending that issue five (gift) is wholly without evidence in support, is deemed unnecessary. The jury's affirmative answer thereto, however, is amply sustained by evidence of probative force.

All points of appeal are overruled and judgment of the trial court that plaintiff Downing take nothing as against all defendants is accordingly affirmed.