**SECURITIES CREDIT CORPORATION,**
**Appellant,**

**v.**

**Bob L. WHITE et al., Appellees.**

**No. 7049.**

Court of Civil Appeals of Texas.

Amarillo.

May 1, 1961.

Clayton, Martin & Harris, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an appeal from the judgment in favor of the appellant for $206.06 although appellant had sued for $2,500. Appellant sued appellees for deficiencies upon notes

either executed by appellees to appellant or sold and assigned to appellant by appellees. Appellant contended that such deficiencies resulted after the sale of the collateral securing the payment of such notes in as much as the collateral did not bring the sale moneys sufficient to pay the amount of the notes executed or sold to appellant by appellees. Appellees answered and among other things brought cross action against appellant contending that appellant selling the collateral (the automobiles in question) did not sell the same for the best price obtainable and sought damages therefor. The case was submitted to a jury upon special issues asking the jury if the appellant exercised reasonable care and diligence in the sale of the automobiles; what price could have been received for said automobiles if appellant had exercised reasonable care and diligence in the sale of the same; what was the reasonable cash market value of the automobiles in Amarillo on April 15, 1958 and the reasonable cash market value on July 10, 1958. The jury answered that appellant did not exercise reasonable care and diligence in the sale of the automobiles and the value in answer to each of the other questions was $3,910.50. Judgment was rendered for the plaintiff for the sum of $206.-06. The judgment recited the appellant recover of and from appellees, after all credits and offsets have been allowed, the sum of $206.06. From that judgment the appellant perfected this appeal.

Appellant's first twelve points of error deal with the question of no evidence, insufficient evidence, against the overwhelming weight of the evidence as to be manifestly wrong and unjust and because such findings are arbitrary. Since we are of the opinion this case should be reversed for other reasons we will not consider any further appellant's first twelve points of error as they may not arise on another trial.

It was appellees' (defendants below) contention that appellant did not exercise reasonable care and diligence in the sale of the automobiles in question to the end that the best price might be obtained for them.

In submitting this issue to the jury the trial court gave the following issue:

"Special Issue No. I

"(a) Do you find from the preponderance of the evidence that Securities Credit Corporation exercised reasonable care and diligence in the sale of the automobiles involved in this lawsuit, to the end that the best price might be obtained for them?"

In appellant's objections to the court's charge the appellant presented the following objections to the submission of said issue:

"VII.

"Plaintiff further excepts and objects to the submission of Special Issue No. 1–a, for the reason that the same places an undue burden upon this Plaintiff and shifts the burden of proof to this Plaintiff to establish affirmatively that Securities Credit Corporation exercised reasonable care and diligence in the sale of the automobiles involved in this lawsuit, to the end that the best price might be obtained for them, when, as a matter of fact and law, this is an issue submitted pursuant to the cross-action brought by the Defendants herein and the burden is upon the Defendants, rather than the Plaintiff, to establish by a preponderance of the evidence, that Securities Credit Corporation did not exercise reasonable care and diligence in the sale of the automobiles involved in this lawsuit, to the end that the best price might be obtained for them. Placing such an onerous burden upon this Plaintiff in establishing a cross-action for and on behalf of the Defendants is erroneous, and prejudicial to the rights of the Plaintiff herein.

"VIII.

"Plaintiff further specially excepts and objects to Special Issue No. 1–a, in that there is no pleading to support the submission of such an issue, in that

nowhere in Defendants' pleadings do they assert that this Plaintiff violated or breached any duty owed by it to the Defendants in the sale of the automobiles, or that it breached any duty owed to the Defendants in failing to obtain the best price therefor."

The issue should be so framed as to place the burden of proof where it properly belongs. Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210.

It is stated in the case of White v. Christie, Tex.Civ.App., 224 S.W.2d 717, at page 719 as follows:

"[2] The burden of proof was on the defendant. We think the court should have given separate instruction, plainly telling the jury that the burden of proof was on the defendant. Southern Pine Lumber Co. v. King, 138 Tex. 473, 161 S.W.2d 483; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, 659; Psimenos v. Huntly, Tex.Civ.App., 47 S.W.2d 622, 623."

It is also stated in Maywald v. Perry, Tex.Civ.App., 254 S.W.2d 431, at page 432 as follows:

"[1] It is the settled law of this State that if a defendant wishes to contend that the plaintiff had negligently failed to minimize damages, for which recovery is sought, he must affirmatively plead such failure, and the fact that by the exercise of reasonable diligence after appellants' breach the appellee might have minimized his damages in any way is a matter which must be pleaded by the defendant in confession and avoidance and evidence of any such fact is inadmissible under a general denial. McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, writ refused; Baker v. Cobb, Tex.Civ.App., 221 S.W. 314; World's Special Film Corp. v. Fichtenberg, Tex.Civ.App., 176 S.W. 733; Ft. Worth, etc., Ry. Co. v. Morrison, 58 Tex.Civ.App., 158, 123 S.W. 621.

"[2] The defense that a plaintiff might have minimized his damages in any way is an affirmative defense and in order to show error on appeal because of the court's failure to submit issues or explanatory instructions on that point, it was necessary for appellants to have requested such issues or explanatory instructions in substantially correct form. Rule 279, Texas Rules of Civil Procedure."

■ We think the trial court misplaced the burden of proof in the submission of this issue and sustain appellant's 13th point of error.

■ By appellant's 14th and 15th points of error it is contended the court erred in failing to submit appellant's Special Requested Issue No. 3 to the jury because Special Issues Nos. 1c and 1d as submitted by the court failed to charge the jury on the true measure of damages applicable to this case because the market value of the automobiles should have been that value which such automobiles could have been properly sold for in bulk or in convenient lots and not at retail. Said Special Requested Issue No. 3 does not appear in the record and we cannot consider points 14 and 15 in connection with Special Requested Issue No. 3. However, the appellant did in its objections to the court's charge raise the same issue as to the court's failure to charge the jury on the true measure of damages applicable to the matters here involved. However, on another trial we think the court should charge that the measure of damages is the value of the automobiles in bulk or in convenient lots at the place where they were delivered to the appellant. Scott v. Doggett, Tex.Civ.App., 226 S.W.2d 183 (wr. ref., N.R.E.).

Justice Gaines stated in the case of Needham Piano & Organ Co. v. Hollingsworth et al., 91 Tex. 49, 40 S.W. 787 as follows:

"The value at which a stock of goods may be sold at retail, standing alone, in our opinion, does not afford any suffi-

**416**

cient basis for determining their market value. The market value is what the goods could have been promptly sold for in bulk or in convenient lots. Between the prices at which goods may be obtained in a market and at which they may be sold at retail in the same place intervene time, expense, and profit, which, in the absence of proof, are unknown quantities; and hence, if there had been no other testimony save that pointed out in the petition for the writ, we would be still of the opinion that there was no evidence to justify the verdict for the defendants to the amount recovered by them."

The judgment of the trial court is reversed and remanded.