**Horacio A. GONZALEZ, Executor of the Estate of Gilberto Gonzalez, Deceased, Appellant,**

v.

**Hilda MENDOZA, Appellee.**

**No. 04–86–00628–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 14, 1987.

Emilio Davila, Jr., James Haynes, Jr., Laredo, for appellant.

Arturo A. Figueroa, Zapata, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is a suit to cancel and set aside a warranty deed. Horacio A. Gonzalez, appellant and executor of the estate of Gilberto Gonzalez, was substituted as plaintiff after the death of the original plaintiff, Gilberto Gonzalez. Gilberto, uncle by marriage to appellee, Hilda Mendoza, executed the subject deed to Hilda on February 3, 1982, conveying to her 232 acres in Zapata County. He died in November, 1984, after filing suit in August, 1984.

Suit to set aside the deed is based on grounds of insufficient mental capacity, fraud and undue influence.

A jury answered seven special issues. In special issues two and three they answered "No," to the questions whether the execution of the deed was procured by undue influence of Hilda and whether her actions and conduct to bring about the execution of the deed constituted fraud. The jury further found that Hilda provided care and attention for Gilberto from September 1, 1974, until February 3, 1982, that she did so in reliance upon his execution of the deed, and that the deed was supported by consideration.

The evidence shows that Hilda lived near Gilberto and his wife, and that she looked after the wife (her father's sister) before her death as the result of cancer in 1976. She continued to look after Gilberto—seeing to his meals, seeing that the house was clean, taking him to doctors and hospitals in San Antonio and Laredo, and paying for expenses incurred over and above his medicare insurance coverage. It was shown that Horacio, who was his nephew, and other family members moved Gilberto to their house approximately ten months before he died. During that time Gilberto initiated this suit against Hilda as well as executing a new will which superseded his first will. In the first will Hilda was named executrix, whereas in the second Horacio was named executor. He was also designated the beneficiary of one-half of the estate.

It was alleged in the second amended original petition that Gilberto "did not have sufficient mind and memory to understand the nature and effect of executing the Deed ... [because of] age [and he was] infirm and feeble in body and mind, and by reason thereof incapacitated from properly attending to business." The trial court submitted the following special issue one:

> Do you find from a preponderance of the evidence that on the 3rd day of February, 1982, GILBERTO GONZALEZ, Deceased, did not possess sufficient mental capacity to know and understand the nature and consequence of his act in executing the Deed bearing that date to HILDA MENDOZA conveying that land involved in this suit?

> Answer: (Yes or No)
> (He did have sufficient mental capacity or he did not have sufficient mental capacity).
> We the Jury Answer: __No__

There was no objection to the issue submitted. *See* TEX.R.CIV.P. Rules 277, 279. Nor was a different form of the issue submitted to the court. Plaintiff does not, therefore, argue on appeal that the issue should have been submitted differently. Nor does he challenge the sufficiency of the evidence to support the jury finding. The sole point of error is that "[T]he trial court erred in entering judgment for appellee, and disregarding the jury's answer to Special Issue No. 1 when said answer is supported by the pleadings and the evidence." This argument relies upon his interpretation of the answer as favorable to plaintiff and a corollary assumption that the court *disregarded* the jury's answer in entering judgment.

It was Horacio's (the plaintiff) burden to establish by a preponderance of the evidence the non-existence of sufficient mental capacity possessed by Gilberto to know and understand the nature and consequences of his act. The pleadings set out the lack of mental capacity by phrasing it in a negative manner ("did not have ..."). Thus the jury was asked, "Do you find from a preponderance of the evidence that [Gilberto] did not possess sufficient mental capacity...." The jury answered, "No." [We do not find].

While we agree that the explanatory instruction may be awkwardly phrased, there was no objection to the form, and any complaint was waived.

■ Under our method of submission of jury issues, an affirmative answer to the special issue must favor the party who has the burden of proving the fact inquired about. *See Traders & General Insurance Co. v. Jenkins*, 135 Tex. 232, 141 S.W.2d 312 (1940). The question before the reviewing court is whether the form of the special issue definitely placed the burden of proof upon the plaintiff to establish the affirmative of the question asked. We find in this case that it did properly place the

burden of proof. The negative answer supported Hilda, the defendant. *See*, HODGES, SPECIAL ISSUE SUBMISSION IN TEXAS 86–88 (1959). Since the jury answered this issue and the others in favor of the defendant, the trial court properly entered a judgment in this case which is supported by the jury answers.

 We further conclude that the court did not *disregard* the jury's answer to special issue one. This follows from our conclusion that Special Issue No. 1 was answered in support of the defendant and against the plaintiff/appellant. In addition, of course, the court would have been without authority to disregard the answer, absent a motion to disregard presented to the court as a predicate. *Durham v. Uvalde Rock Asphalt Co.*, 599 S.W.2d 866, 876 (Tex.Civ.App.—San Antonio 1980, no writ). TEX.R.CIV.P. 301. No such motion was presented to the court in this case. As to the predicate required for a trial court to properly disregard a jury finding, *see, Texas Paper Stock Co. v. Corpus Christi Food*, 609 S.W.2d 259, 261 (Tex.Civ.App.—Corpus Christi 1980, no writ). The point of error is overruled.

The judgment is affirmed.